UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MELAYAH LOCKETT-JOHNSON, a minor, | ) | |
| by her mother and next friend, SYDNIE | ) | |
| WILLIAMSON, and SYDNIE | ) | |
| WILLIAMSON, Individually, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 15 C 5600 |
| | ) | |
| v. | ) | Judge |
| | ) | |
| SILVER CROSS HOSPITAL AND | ) | Formerly Case No. 14 L 772 |
| MEDICAL CENTERS, an Illinois | ) | Circuit Court of the Twelfth Judicial |
| Corporation, FRANCISCO J. GARCINI, | ) | Circuit, Will County, Illinois |
| M.D., Individually, and PARTNERS IN | ) | |
| OBSTETRICS AND WOMEN'S HEALTH, | ) | |
| P.C., an Illinois Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL OF A CIVIL ACTION AND
## SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

To:    Pamela McGuire                 Tara R. Devine
       Will County Circuit Clerk       Elizabeth R. Olszewski
       14 West Jefferson Street        Salvi, Schostok & Pritchard, P.C.
       Joliet, Illinois 60432           218 North Martin Luther King Jr. Ave
                                            Waukegan, Illinois 60085

        The United States, by its attorney, Zachary T. Fardon, United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action

from the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, to the United States

District Court, Northern District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof

states the following:

        1.      On October 6, 2014, plaintiffs Melayah Lockett-Johnson, a minor, by her mother

and next friend, Sydnie Williamson, and Sydnie Williamson, individually, commenced the above

civil action against Francisco J. Garcini, M.D., and others, alleging medical malpractice. A copy of the state court complaint is attached as Exhibit A. For purposes of this lawsuit, Will County Health Department/Will County Community Health Center is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. *See* Exhibit B. In addition, Francisco J. Garcini, M.D., was acting within the scope of his employment at the Will County Health Department/Will County Community Health Center with respect to the incidents referred to in the complaint. *Id.*

2. This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that Will County Health Department/Will County Community Health Center was a private entity receiving grant money from the Public Health Service and that defendant Francisco J. Garcini, M.D., was acting within the scope of his employment at the Will County Health Department/Will County Community Health Center with respect to the incidents referred to in the complaint. Exhibit B.

3. This notice of removal may be filed without bond at any time before trial. 42 U.S.C. § 233(c). Trial has not yet been had in this action.

4. Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 28 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendant Francisco J. Garcini, M.D.

WHEREFORE, this action now pending in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Francisco J. Garcini, M.D.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Peter Sullivan
PETER SULLIVAN
Special Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9082
peter.sullivan@usdoj.gov

# Exhibit A

FILED

2014 OCT -6 PM 4: 12

| STATE OF ILLINOIS | ) | |
| COUNTY OF WILL | ) | SS |

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| MELAYAH LOCKETT-JOHNSON, a minor, by her mother and next friend, SYDNIE WILLIAMSON, and SYDNIE WILLIAMSON, Individually, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. ) |
| SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation, FRANCISCO J. GARCINI, M.D., Individually, and PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., an Illinois Corporation, | ) ) ) ) 14 L   772 ) ) |
| Defendants. | ) |

## COMPLAINT AT LAW

### COUNT ONE
(Lockett-Johnson v. Silver Cross and Dr. Garcini)
(Medical Negligence)

NOW COMES Plaintiff, MELAYAH LOCKETT-JOHNSON, a minor, by SYDNIE

WILLIAMSON, her mother and next friend, by and through her attorneys SALVI, SCHOSTOK

& PRITCHARD, complaining of Defendants, SILVER CROSS HOSPITAL AND MEDICAL

CENTERS, an Illinois Corporation (hereinafter "SILVER CROSS") and FRANCISCO J.

GARCINI, MD, Individually, (hereinafter "GARCINI"), alleges and states as follows:

1.    On March 21, 2011, and at all times relevant, SILVER CROSS operated as a

general hospital licensed by the State of Illinois in the County of Will.

2.    On March 21, 2011, and at all times relevant, SILVER CROSS was an Illinois

corporation licensed by the State of Illinois in the County of Will.

Initial case management set for

1/26/2015 at: 9:00 am
Room 14201

1

3.      On March 21, 2011, and at all times relevant, SILVER CROSS held itself out to the Plaintiffs and to the public generally as a provider of medical services.

4.      On March 21, 2011, and at all times relevant, GARCINI was a physician of obstetrics and gynecology licensed to practice medicine in all of its branches by the State of Illinois.

5.      On March 21, 2011, and at all times relevant, GARCINI held himself out to the Plaintiffs and to the public generally to be a physician licensed to practice medicine and specializing in obstetrics and gynecology.

6.      On March 21, 2011, and at all times relevant, GARCINI was a member of the medical staff at SILVER CROSS.

7.      On March 21, 2011, and at all times relevant, GARCINI was an employee, servant, agent and/or apparent agent of SILVER CROSS.

8.      On March 20, 2011, SYDNIE WILLIAMSON was admitted to SILVER CROSS as an obstetrical patient.  Defendant, GARCINI, was the attending physician during this hospitalization.

9.      On March 21, 2011, and at all times relevant, SILVER CROSS provided certain facilities including Labor Room, Delivery Room, and Special Care Nursery for patients, including the Plaintiffs SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor.

10.     On March 21, 2011, and at all times relevant, SILVER CROSS provided certain instruments, drugs, and obstetrical nursing services to patients, including SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor.

11.     On March 21, 2011, and at all times relevant, SYDNIE WILLIAMSON delivered a female infant, the minor Plaintiff MELAYAH LOCKETT-JOHNSON, at SILVER CROSS.

12.     On March 21, 2011, and at all times relevant, GARCINI provided obstetrical and gynecological care to Plaintiffs SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor, at SILVER CROSS.

13.     On March 21, 2011, and at all times relevant, while providing medical care to Plaintiffs, SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor, GARCINI was doing so as an employee, servant, agent and/or apparent agent of SILVER CROSS.

14.     On March 21, 2011, and at all times relevant, while providing treatment to Plaintiffs, SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor, GARCINI had a duty to possess and apply the knowledge and skill that other obstetricians and gynecologists would exercise in the same or similar circumstances.

15.     On March 21, 2011, and at all times relevant, in derogation of his aforementioned duty, GARCINI, individually and as an employee, servant, agent and/or apparent agent of SILVER CROSS, breached that duty and was negligent in one or more of the following respects:

    a.    failed to appropriately manage the delivery of MELAYAH LOCKETT-JOHNSON, a minor;

    b.    inappropriately applied excessive pulling and traction during the delivery of MELAYAH LOCKETT-JOHNSON, a minor;

    c.    failed to make an episiotomy during the delivery of MELAYAH LOCKETT-JOHNSON, a minor, in order to allow more room for delivery;

    d.    failed to appropriately perform the McRoberts, suprapubic pressure and Wood's corkscrew maneuvers; and

    e.    was otherwise negligent.

3

16.    As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of GARCINI, individually and as an employee, servant, agent and/or apparent agent of SILVER CROSS, Plaintiff, MELAYAH LOCKETT-JOHNSON, a minor, suffered severe, permanent, and irreversible neurological damage; is permanently disabled; has experienced and will permanently experience untold suffering; has incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing, caretaking, custodial and has an impaired or no earning capacity.

17.    The Plaintiff MELAYAH LOCKETT-JOHNSON, a minor, through her mother and next friend, SYDNIE WILLIAMSON, attach affidavits and reports in compliance with 735 ILCS 5/2-622 (attached as Group Exhibit A).

WHEREFORE, Plaintiff MELAYAH LOCKETT-JOHNSON, a minor, through her mother and next friend, SYDNIE WILLIAMSON, demands judgment against the Defendants SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation, and FRANCISCO J. GARCINI, M.D., Individually and as an employee, agent and/or apparent agent of SILVER CROSS HOSPITAL AND MEDICAL CENTERS, in an amount in excess of $50,000, together with the costs of this action.

## COUNT TWO
(Lockett-Johnson v. Silver Cross and Dr. Garcini)
(Family Expense Act)

NOW COMES Plaintiff, SYDNIE WILLIAMSON, Individually, by and through her attorneys SALVI, SCHOSTOK & PRITCHARD complaining of Defendants, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation (hereinafter "SILVER CROSS") and FRANCISCO J. GARCINI, MD, Individually, (hereinafter "GARCINI"), alleges and states as follows:

4

1-15.  Plaintiff MELAYAH LOCKETT-JOHNSON, by and through her mother SYDNIE WILLIAMSON, restates, re-alleges and incorporates by reference paragraphs 1 through 15 of Count One, including all subparagraphs, as and for paragraphs 1 through 15 of Count Two.

16.  That Plaintiff SYDNIE WILLIAMSON is the natural parent and legal guardian of MELAYAH LOCKETT-JOHNSON, a minor.

17.  That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of GARCINI, individually and as an employee, servant, agent and/or apparent agent of SILVER CROSS, Plaintiff SYDNIE WILLIAMSON as the parent of the minor Plaintiff MELAYAH LOCKETT-JOHNSON, incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing and other medical and family expenses of the minor Plaintiff pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

18.  That Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 of the Illinois Compiled Statutes as amended (attached as Group Exhibit A).

WHEREFORE, Plaintiff SYDNIE WILLIAMSON, demands judgment against the Defendants SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation and FRANCISCO J. GARCINI, M.D., Individually and as an employee, agent and/or apparent agent of SILVER CROSS HOSPITAL AND MEDICAL CENTERS, in an amount in excess of $50,000, together with the costs of this action.

## COUNT THREE
(Lockett-Johnson v. Silver Cross)
(Nursing Negligence)

NOW COMES Plaintiff, MELAYAH LOCKETT-JOHNSON, a minor, by SYDNIE WILLIAMSON, her mother and next friend, by and through her attorneys SALVI, SCHOSTOK & PRITCHARD, complaining of Defendant, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation (hereinafter "SILVER CROSS"), alleges and states as follows:

1.      On March 21, 2011, and at all times relevant, SILVER CROSS operated as a general hospital licensed by the State of Illinois in the County of Will.

2.      On March 21, 2011, and at all times relevant, SILVER CROSS held itself out to the public generally as a provider of medical and nursing services.

3.      On March 21, 2011, and at all times relevant, SILVER CROSS undertook to employ nurses for the purpose of providing nursing services to individuals like MELAYAH LOCKETT-JOHNSON and SYDNIE WILLIAMSON.

4.      On March 20, 2011, and at all times relevant, SYDNIE WILLIAMSON was admitted to SILVER CROSS as an obstetrical patient.

5.      On March 21, 2011, and at all times relevant, SILVER CROSS provided certain facilities including Labor Room, Delivery Room, and Special Care Nursery for patients, including the Plaintiffs SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor.

6.      On March 21, 2011, and at all times relevant, SILVER CROSS provided certain instruments, drugs, and obstetrical nursing services to patients, including SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor.

6

7. On March 21, 2011, and at all times relevant, nurses of SILVER CROSS provided nursing care and treatment to SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, during the labor of SYDNIE WILLIAMSON and delivery of MELAYAH LOCKETT-JOHNSON.

8. On March 21, 2011, and at all times relevant, the nurses providing care and treatment to SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON were doing so as employees and agents of SILVER CROSS.

9. While providing medical care and treatment to SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, the nurses had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful labor and delivery nurse would use in the same or similar circumstances.

10. Defendant, SILVER CROSS, by and through its nurses, breached its duties and was negligent in one or more of the following respects:

    a. Failed to properly assess SYDNIE WILLIAMSON;

    b. Failed to advocate for SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON; and/or

    c. Was otherwise negligent.

11. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, SILVER CROSS, by and through its nurses, Plaintiff, MELAYAH LOCKETT-JOHNSON, a minor, suffered severe, permanent, and irreversible neurological damage; is permanently disabled; has experienced and will permanently experience untold suffering; has incurred and in the future will incur obligations for substantial sums of

money for hospital, medical, nursing, caretaking, custodial and has an impaired or no earning capacity.

12.    That Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 of the Illinois Compiled Statutes as amended (attached as Group Exhibit A).

WHEREFORE, Plaintiff MELAYAH LOCKETT-JOHNSON, a minor, through her mother and next friend, SYDNIE WILLIAMSON, demands judgment against the Defendant, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation, in an amount in excess of $50,000, together with the costs of this action.

**COUNT FOUR**
(Lockett-Johnson v. Silver Cross)
(Family Expense Act)

NOW COMES Plaintiff, SYDNIE WILLIAMSON, Individually, by and through her attorneys SALVI, SCHOSTOK & PRITCHARD, complaining of Defendant, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation (hereinafter "SILVER CROSS") alleges and states as follows:

1-10.  Plaintiff MELAYAH LOCKETT-JOHNSON, by and through her mother SYDNIE WILLIAMSON, restates, re-alleges and incorporates by reference paragraphs 1 through 10 of Count Three, including all subparagraphs, as and for paragraphs 1 through 10 of Count Four.

11.    That Plaintiff SYDNIE WILLIAMSON is the natural parent and legal guardian of MELAYAH LOCKETT-JOHNSON, a minor.

12.    That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendant, SILVER CROSS, by and through its nurses, Plaintiff SYDNIE WILLIAMSON as the parent of the minor Plaintiff MELAYAH LOCKETT-

8

JOHNSON, incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing and other medical and family expenses of the minor Plaintiff pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

13.     That Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 of the Illinois Compiled Statutes as amended (attached as Group Exhibit A).

WHEREFORE, Plaintiff SYDNIE WILLIAMSON, demands judgment against the Defendant, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation in an amount in excess of $50,000, together with the costs of this action.

<u>COUNT FIVE</u>
(Lockett-Johnson v. Partners in Obstetrics and Women's Health, P.C., and Dr. Garcini)
(Medical Negligence)

NOW COMES Plaintiff, MELAYAH LOCKETT-JOHNSON, a minor, by SYDNIE WILLIAMSON, her mother and next friend, by and through her attorneys SALVI, SCHOSTOK & PRITCHARD, complaining of Defendants, PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., an Illinois Corporation (hereinafter "PARTNERS") and FRANCISCO J. GARCINI, MD, Individually, (hereinafter "GARCINI"), alleges and states as follows:

1.     On March 21, 2011, and at all times relevant, PARTNERS operated as a medical group licensed by the State of Illinois in the County of Will.

2.     On March 21, 2011, and at all times relevant, PARTNERS was an Illinois corporation licensed by the State of Illinois in the County of Will.

3.     On March 21, 2011, and at all times relevant, PARTNERS held itself out to the Plaintiffs and to the public generally as a provider of medical services.

9

4. On March 21, 2011, and at all times relevant, GARCINI was a physician of obstetrics and gynecology licensed to practice medicine in all of its branches by the State of Illinois.

5. On March 21, 2011, and at all times relevant, GARCINI held himself out to the Plaintiffs and to the public generally to be a physician licensed to practice medicine and specializing in obstetrics and gynecology.

6. On March 21, 2011, and at all times relevant, GARCINI was a member of the medical staff at SILVER CROSS.

7. On March 21, 2011, and at all times relevant, GARCINI was an employee, servant, agent and/or apparent agent of PARTNERS.

8. On March 20, 2011, SYDNIE WILLIAMSON was admitted to SILVER CROSS as an obstetrical patient. Defendant, GARCINI, was the attending physician during this hospitalization.

9. On March 21, 2011, and at all times relevant, SYDNIE WILLIAMSON delivered a female infant, the minor Plaintiff MELAYAH LOCKETT-JOHNSON, at SILVER CROSS.

10. On March 21, 2011, and at all times relevant, GARCINI provided obstetrical and gynecological care to Plaintiffs SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor, at SILVER CROSS.

11. On March 21, 2011, and at all times relevant, while providing medical care to Plaintiffs, SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor, GARCINI was doing so as an employee, servant, agent and/or apparent agent of PARTNERS.

12. On March 21, 2011, and at all times relevant, while providing treatment to Plaintiffs, SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor,

10

GARCINI had a duty to possess and apply the knowledge and skill that other obstetricians and gynecologists would exercise in the same or similar circumstances.

13. On March 21, 2011, and at all times relevant, in derogation of his aforementioned duty, GARCINI, individually and as an employee, servant, agent and/or apparent agent of PARTNERS, breached that duty and was negligent in one or more of the following respects:

a. failed to appropriately manage the delivery of MELAYAH LOCKETT-JOHNSON, a minor;

b. inappropriately applied excessive pulling and traction during the delivery of MELAYAH LOCKETT-JOHNSON, a minor;

c. failed to make an episiotomy during the delivery of MELAYAH LOCKETT-JOHNSON, a minor, in order to allow more room for delivery;

d. failed to appropriately perform the McRoberts, suprapubic pressure and Wood's corkscrew maneuvers; and

e. was otherwise negligent.

14. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of GARCINI, individually and as an employee, servant, agent and/or apparent agent of PARTNERS, Plaintiff, MELAYAH LOCKETT-JOHNSON, a minor, suffered severe, permanent, and irreversible neurological damage; is permanently disabled; has experienced and will permanently experience untold suffering; has incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing, caretaking, custodial and has an impaired or no earning capacity.

15. The Plaintiff MELAYAH LOCKETT-JOHNSON, a minor, through her mother and next friend, SYDNIE WILLIAMSON, attach affidavits and reports in compliance with 735 ILCS 5/2-622 (attached as Group Exhibit A).

11

WHEREFORE, Plaintiff MELAYAH LOCKETT-JOHNSON, a minor, through her mother and next friend, SYDNIE WILLIAMSON, demands judgment against the Defendants PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., an Illinois Corporation, and FRANCISCO J. GARCINI, M.D., Individually and as an employee, agent and/or apparent agent of PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., in an amount in excess of $50,000, together with the costs of this action.

## COUNT SIX
### (Lockett-Johnson v. Partners in Obstetrics and Women's Health, P.C., and Dr. Garcini)
### (Family Expense Act)

NOW COMES Plaintiff, SYDNIE WILLIAMSON, Individually, by and through her attorneys SALVI, SCHOSTOK & PRITCHARD complaining of Defendants, PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., an Illinois Corporation (hereinafter "PARTNERS") and FRANCISCO J. GARCINI, MD, Individually, (hereinafter "GARCINI"), alleges and states as follows:

1-13. Plaintiff MELAYAH LOCKETT-JOHNSON, by and through her mother SYDNIE WILLIAMSON, restates, re-alleges and incorporates by reference paragraphs 1 through 13 of Count Five, including all subparagraphs, as and for paragraphs 1 through 13 of Count Six.

14. That Plaintiff SYDNIE WILLIAMSON is the natural parent and legal guardian of MELAYAH LOCKETT-JOHNSON, a minor.

15. That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of GARCINI, individually and as an employee, servant, agent and/or apparent agent of PARTNERS, Plaintiff SYDNIE WILLIAMSON as the parent of the minor Plaintiff MELAYAH LOCKETT-JOHNSON, incurred and in the future will incur obligations for

12

substantial sums of money for hospital, medical, nursing and other medical and family expenses of the minor Plaintiff pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

16.     That Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 of the Illinois Compiled Statutes as amended (attached as Group Exhibit A).

WHEREFORE, Plaintiff SYDNIE WILLIAMSON, demands judgment against the Defendants PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., an Illinois Corporation and FRANCISCO J. GARCINI, M.D., Individually and as an employee, agent and/or apparent agent of PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., in an amount in excess of $50,000, together with the costs of this action.

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted,

Attorney for the Plaintiff

Tara R. Devine – ARDC #6280880
Elizabeth R. Olszewski – ARDC #6313651
SALVI, SCHOSTOK & PRITCHARD, P.C.
218 North Martin Luther King Jr. Ave.
Waukegan, IL 60085
(847) 249-1227
Atty. No. 34560

13

Exhibit B

**CERTIFICATION**

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Melaya Lockett-Johnson, etc., et al. v. Silver Cross Hospital and Medical Centers, etc., et al.*, No. 14 L 772 (Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the Will County Health Department/Will County Community Health Center ("the health center") was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Francisco Garcini, M.D., was acting within the scope of his employment at the health center with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, Francisco Garcini, M.D., individually, is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

*Thomas Walsh*

THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
    for the Northern District of Illinois

Date: May 21, 2015