IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELAYAH LOCKETT-JOHNSON, a minor,   )
by her mother and next friend, SYDNIE   )
WILLIAMSON, and   )
SYDNIE WILLIAMSON, Individually,   )
  )
      Plaintiffs,   )
  )
  )    Civil Action
  vs.   )    No. 15 CV 05600
  )    Judge Sharon Johnson
SILVER CROSS HOSPITAL AND   )    Coleman
MEDICAL CENTERS, an Illinois Corporation,   )
FRANCISCO J . GARCINI, M.D., Individually, and   )
PARTNERS IN OBSTETRICS AND WOMEN'S   )
HEALTH, P.C., an Illinois Corporation, and   )
THE UNITED STATES OF AMERICA,   )
  )
      Defendants.   )

## PLAINTIFFS' MOTION TO VACATE DISMISSAL UNDER FRCP 60(b) FOR WANT OF PROSECUTION

NOW COME the Plaintiffs, MELAYAH LOCKETT-JOHNSON, a minor, by her mother and next friend, SYDNIE WILLIAMSON, and SYDNIE WILLIAMSON, Individually, by and through their attorneys, SALVI, SCHOSTOK & PRITCHARD, P.C., and as for their Motion to Vacate Dismissal for Want of Prosecution, brought under Federal Rule of Civil Procedure 60(b) states as follows:

1.    On September 25, 2015, this Court entered an Order which dismissed this action for Want of Prosecution of the case.

2.    The Court should vacate the Order dated September 25, 2015, because

    a.    Plaintiffs have acted with reasonable promptness in filing their Motion to Vacate the Order;

1

b.      Plaintiffs have a valid cause of action and will be unfairly prejudiced and unable to state their claim unless the Honorable Court grants Plaintiffs Motion to Vacate the Dismissal for Want of Prosecution; and

c.      Plaintiffs' failure to appear was not willful and was the result of excusable neglect.

## PROCEDURAL BACKGROUND

3.      On October 6, 2014, Plaintiffs timely filed their Complaint at Law in the Circuit Court of Will County, against Silver Cross Hospital and Medical Centers, Partners in Obstetrics and Women's Health, P.C., and Francisco Garcini, M.D., arising out of medical negligence during the birth of Melayah Lockett-Johnson by Dr. Garcini at Silver Cross Hospital and Medical Centers.  See Exhibit A, Plaintiffs' Complaint at Law.  The Complaint is based upon claims of medical negligence during the labor and delivery of Melayah resulting in a severe brachial plexus injury.

4.      On November 12, 2014, Defendant, Dr. Garcini, filed a Motion for Extension of Time to file an Answer to Plaintiff's Complaint.  See Exhibit B, Defendants' Motion for Extension of Time.  Defendant, Dr. Garcini, *verbally* asserted for the first time that Dr. Garcini was working with a federally qualified health clinic at the time he delivered Melayah at Silver Cross Hospital.  Defendants thereafter sought to have Dr. Garcini deemed a Public Health Service employee arising out of his alleged relationship with Will County Community Health Centers, at the time of the incident in question. Will County Community Health Centers was not a named Defendant in the action and no negligence is asserted against that clinic.  Defendant, Dr. Garcini, never filed an Answer to Plaintiffs' Complaint in Will County Circuit Court.

5.    Plaintiffs vehemently disputed (and continue to contest) the status of Dr. Garcini as a Public Health Service employee. Plaintiffs promptly placed the United States on notice of their dispute over whether Dr. Garcini was a Public Health Service employee via letter to the U.S. Department of Health and Human Services on November 26, 2014. See Exhibit C, letter dated November 26, 2014. Plaintiffs also promptly placed the U.S. Department of Justice, Federal Tort Claims Act Section, and Assistant United States Attorney David Lidow on notice via letter of January 13, 2015. See Exhibit D, letter dated January 13, 2015.

6.    On May 13, 2015, the Department of Health and Human Services issued a decision that Dr. Garcini was covered under the Federal Tort Claims Act at times material to the Complaint. See Exhibit E, Correspondence from the Department of Health and Human Services.

7.    Defendant, Dr. Garcini, filed a Notice of Removal of a Civil Action and Substitution of the United States as a Defendant from the Will County Circuit Court on June 24, 2015. See Exhibit F, Defendant's Notice of Removal. The entire case was removed to this Court, including the case against all additional Defendants, Silver Cross Hospital and Medical Centers, and Partners in Obstetrics and Women's Health, P.C.

8.    On July 6, 2015, the Defendant, the United States of America, filed a Motion to Dismiss for lack of jurisdiction within this Court because of the Plaintiffs' failure to exhaust administrative remedies through the Federal Tort Claims Act prior to institution of this action. See Exhibit G, Defendants' Motion to Dismiss.

9.    Plaintiffs' counsel, Attorneys Tara Devine and Elizabeth Olszewski, received the Motion to Dismiss, but never received any Notice for the Motion to Dismiss. See Exhibit H, Affidavits of Tara Devine and Elizabeth Olszewski.

10.     On July 9, 2015, this Court ordered appearances to be filed for the plaintiffs by July 20, 2015, if they were participating in this action.  A briefing schedule was entered on Defendant's Motion to Dismiss, requiring a Response to be filed by August 6, 2015.  Once fully briefed, the motion was to be taken under advisement.  See Exhibit I, Notifications of Docket Entries.  Attorneys Tara Devine and Elizabeth Olszewski did not receive notice of this Order.  See Exhibit H.

11.     On September 18, 2015, a status hearing was set for September 25, 2015.  This Court entered an Order that all parties or their counsel of record shall appear.  If plaintiffs or their counsel fail to appear or otherwise contact the Court the case will be dismissed for want of prosecution.  See Exhibit I. Attorneys Tara Devine and Elizabeth Olszewski did not receive notice of this Order.  See Exhibit H.

12.     On September 25, 2015, the Court entered an Order that due to the Plaintiffs' failure to appear or otherwise communicate with the Court, the Defendants' Motion to Dismiss for lack of jurisdiction was granted and the civil case was terminated.  See Exhibit H.  This Order was not made available on PACER until October 5, 2015.

13.     On October 2, 2015, Plaintiffs' counsel, Tara Devine, received a call from a male at the Court inquiring as to why Plaintiffs' counsel had not appeared or attended the prior hearing dates.  Tara Devine advised this person that she was unaware of the prior court dates.  See Exhibit H.  The two Orders from July 9, 2015 and September 18, 2015, were then emailed to Attorney Tara Devine at tdevine@salvilaw.com on October 2, 2015.

14.     Immediately after becoming aware that there had been prior action within this Court on this case, and a Motion having been set, Plaintiffs' counsel Tara Devine filed an appearance.  See Exhibit K, Appearance of Attorney Tara Devine filed on October 2, 2015.

4

15.     Based upon a review of this Court's pleadings and motions, it appears that *neither* counsel for the remaining Defendants, Silver Cross Hospital and Medical Centers or Partners in Obstetrics and Women's Health, have appeared.

### STANDARD FOR DISMISSAL FOR WANT OF PROSECUTION

16.     Dismissal for failure to prosecute is as an extraordinarily harsh sanction that should be used only in an extreme situation, when there is a clear record of **purposeful delay** or contumacious conduct and when other less drastic sanctions have proven unavailing. Kruger v. Apfel, 214 F.3d 784, 787 (7th Cir. 2000) (citing Dunphy v. McKee, 134 F.3d 1297, 1299 (7th Cir. 1998)), Fed. R. Civ. P. 41(b), 28 U.S.C.A., Santamaria v. Todd Ins. Agency, 231 F.R.D. 246 (E.D. Tex 2005). See also Sroga v. Huberman, 722 F.3d 980 (7th Cir. 2013) (holding the Court dismissed the case too abruptly and without consideration of the frequency and egregiousness of the plaintiff's failure to comply with deadlines, the effect of delay on the court's calendar and the prejudice resulting to the defendants); and Johnson v. Chi. Bd. of Ed., Nos. 12-3588, 12-3906, 718 F.3d 731 (7th Cir. 2013) (holding a dismissal after a court order setting the date for failure to appear would warrant dismissal was not proper where counsel immediately filed a motion to reinstate contending she had not been notified of the prior hearing). This Court has previously granted a Motion to Vacate under similar circumstances in Quinones v. Chicago Officer Noel Ariezaga, Northern District Case Number 07-CV-0004. A copy of the Memorandum Opinion and Order is attached hereto as Exhibit J.

### ARGUMENT

**A.**     Plaintiffs have a valid cause of action and will be unfairly prejudiced, and unable to state their claims unless this Honorable Court grants Plaintiffs' Motion to Vacate the Dismissal for Want of Prosecution. Plaintiffs' cause of action was only removed to Federal

Court because of the relationship that the Defendant, Dr. Garcini, had with a non-party health clinic. The remaining Defendants were properly sued in State Court in the time period permitted under the law. A dismissal of the entire case against the remaining Defendants for Plaintiffs' failure to appear or otherwise prosecute would be extraordinarily harsh and unfairly prejudicial, where the Plaintiffs have prosecuted this claim against those Defendants in State Court and those Defendants were removed only because the entire case was removed as a result of the issues surrounding Dr. Garcini's employment relationship. Plaintiffs recognize that the cause of action should be appropriately dismissed, but *without prejudice* because the Plaintiffs are preparing to file an administrative claim under the Federal Tort Claims Act. This filing is merely an administrative pre-requisite to validly reinstituting this action against the United States of America, the remaining Defendant. Plaintiffs request the case against the remaining Defendants continue forward for further proceedings against them.

**B.** There is not a clear record of purposeful delay or contumacious conduct by the Plaintiff. In fact, just the opposite is true. Plaintiffs have exercised due diligence in the prosecution of this claim. Plaintiffs have vigorously prosecuted this action in State Court through the time of removal into this Court. Plaintiffs instituted the action on October 6, 2014. Further, promptly after becoming aware of the alleged defense of employment status of Dr. Garcini, Plaintiffs provided their legal support for the determination that Dr. Garcini should not be deemed a Public Health Service employee. Finally, Plaintiffs would have appeared in Court and stated their position as it relates to the Defendants' Motion to Dismiss, (that it be dismissed without prejudice so Plaintiff could file their administrative claim) had they been aware of the Motion and status court dates. Unfortunately, Plaintiffs' counsel did not receive notice, and thus were not advised to appear. Further, it appears neither counsel for Silver Cross Hospital and

Medical Center or Partners in Obstetrics and Gynecology has appeared either, a clear indication that they also did not receive notice. Immediately after receiving notice of the entry of the dockets on this case (October 2, 2015), and within the same calendar date, Plaintiffs' counsel entered their appearance. The instant Motion to Vacate is filed three calendar days after receipt of the notice of entry of dismissal.

     **C.**     Plaintiff's inaction was the result of excusable neglect under Federal Rule of Civil Procedure 60(b) and in no way an attempt to delay the proceedings. Plaintiffs' counsel was unaware of the status dates and Motion filed on this case until October 2, 2015. Counsel received no prior notice of these status dates. Plaintiffs' counsel believed in error and good faith that no action had yet been taken on this matter in this Court, having not received any notice of same. Had Plaintiffs' counsel been aware, she would have promptly filed an appearance, and stated her position as it relates to the Motion. Plaintiffs' excusable neglect in no way could be construed as an attempt to delay the proceedings.

     Plaintiffs seek to have the dismissal Order vacated as well as the Motion to Dismiss so that the Plaintiffs can reasonably request that the case against only the United States of America be dismissed **without prejudice**, allowing the Plaintiffs to re-file their action against the United States of America after exhaustion of the administrative remedies, *and* reinstating the cause of action against the remaining Defendants, Silver Cross Hospital and Medical Centers and Partners in Obstetrics and Women's Health for further proceedings. The last Order dismissed all Defendants, not just the United States of America. A dismissal of this cause of action against all Defendants, where two of the three Defendants were appropriately sued in State Court, and the action vigorously prosecuted, would be unfairly prejudicial. Further, where Plaintiffs' counsel received no notice of the court dates, and arguably neither did counsel for the remaining

Defendants, dismissal is an extraordinarily harsh and drastic sanction not appropriate for the circumstances. This Court has previously granted a Motion to Vacate under similar circumstances in <u>Quinones v. Chicago Officer Noel Ariezaga</u>, Northern District Case Number 07-CV-0004. A copy of the Memorandum Opinion and Order is attached hereto as Exhibit J.

WHEREFORE, where this Court is now aware of the circumstances surrounding the Plaintiffs' lack of appearance, the Plaintiffs respectfully move this Honorable Court to vacate the Dismissal for Want of Prosecution in the above-captioned case.

SALVI, SCHOSTOCK & PRITCHARD, P.C.

*/s/ Tara R. Devine*
Attorney for the Plaintiffs

Tara R. Devine
SALVI, SCHOSTOK & PRITCHARD P.C.
218 N. Martin Luther King Jr. Ave.
Waukegan, Illinois 60085
Ph: 847-249-1227 / Fx: 847-249-0138
tdevine@salvilaw.com

STATE OF ILLINOIS  )
        ) SS
COUNTY OF WILL   )

FILED

2014 OCT -6  PM 4: 12

CIRCUIT COURT

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

MELAYAH LOCKETT-JOHNSON, a minor,  )
by her mother and next friend, SYDNIE WILLIAMSON, )
and SYDNIE WILLIAMSON, Individually,  )
             )
    Plaintiffs,       )
             )
  vs.          )  No.
             )
SILVER CROSS HOSPITAL AND MEDICAL CENTERS, )
an Illinois Corporation,      )
FRANCISCO J. GARCINI, M.D., Individually, and )  14 L  772
PARTNERS IN OBSTETRICS AND WOMEN'S  )
HEALTH, P.C., an Illinois Corporation,  )
             )
    Defendants.     )

## COMPLAINT AT LAW

### COUNT ONE
**(Lockett-Johnson v. Silver Cross and Dr. Garcini)**
**(Medical Negligence)**

NOW COMES Plaintiff, MELAYAH LOCKETT-JOHNSON, a minor, by SYDNIE

WILLIAMSON, her mother and next friend, by and through her attorneys SALVI, SCHOSTOK

& PRITCHARD, complaining of Defendants, SILVER CROSS HOSPITAL AND MEDICAL

CENTERS, an Illinois Corporation (hereinafter "SILVER CROSS") and FRANCISCO J.

GARCINI, MD, Individually, (hereinafter "GARCINI"), alleges and states as follows:

  1.  On March 21, 2011, and at all times relevant, SILVER CROSS operated as a

general hospital licensed by the State of Illinois in the County of Will.

  2.  On March 21, 2011, and at all times relevant, SILVER CROSS was an Illinois

corporation licensed by the State of Illinois in the County of Will.



**EXHIBIT**

**A**

tabbies®

Initial case management set for

1/26/2015 at: 9:00 am

Room A201

3.      On March 21, 2011, and at all times relevant, SILVER CROSS held itself out to the Plaintiffs and to the public generally as a provider of medical services.

4.      On March 21, 2011, and at all times relevant, GARCINI was a physician of obstetrics and gynecology licensed to practice medicine in all of its branches by the State of Illinois.

5.      On March 21, 2011, and at all times relevant, GARCINI held himself out to the Plaintiffs and to the public generally to be a physician licensed to practice medicine and specializing in obstetrics and gynecology.

6.      On March 21, 2011, and at all times relevant, GARCINI was a member of the medical staff at SILVER CROSS.

7.      On March 21, 2011, and at all times relevant, GARCINI was an employee, servant, agent and/or apparent agent of SILVER CROSS.

8.      On March 20, 2011, SYDNIE WILLIAMSON was admitted to SILVER CROSS as an obstetrical patient. Defendant, GARCINI, was the attending physician during this hospitalization.

9.      On March 21, 2011, and at all times relevant, SILVER CROSS provided certain facilities including Labor Room, Delivery Room, and Special Care Nursery for patients, including the Plaintiffs SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor.

10.     On March 21, 2011, and at all times relevant, SILVER CROSS provided certain instruments, drugs, and obstetrical nursing services to patients, including SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor.

11.     On March 21, 2011, and at all times relevant, SYDNIE WILLIAMSON delivered a female infant, the minor Plaintiff MELAYAH LOCKETT-JOHNSON, at SILVER CROSS.

12.     On March 21, 2011, and at all times relevant, GARCINI provided obstetrical and gynecological care to Plaintiffs SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor, at SILVER CROSS.

13.     On March 21, 2011, and at all times relevant, while providing medical care to Plaintiffs, SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor, GARCINI was doing so as an employee, servant, agent and/or apparent agent of SILVER CROSS.

14.     On March 21, 2011, and at all times relevant, while providing treatment to Plaintiffs, SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor, GARCINI had a duty to possess and apply the knowledge and skill that other obstetricians and gynecologists would exercise in the same or similar circumstances.

15.     On March 21, 2011, and at all times relevant, in derogation of his aforementioned duty, GARCINI, individually and as an employee, servant, agent and/or apparent agent of SILVER CROSS, breached that duty and was negligent in one or more of the following respects:

a.      failed to appropriately manage the delivery of MELAYAH LOCKETT-JOHNSON, a minor;

b.      inappropriately applied excessive pulling and traction during the delivery of MELAYAH LOCKETT-JOHNSON, a minor;

c.      failed to make an episiotomy during the delivery of MELAYAH LOCKETT-JOHNSON, a minor, in order to allow more room for delivery;

d.      failed to appropriately perform the McRoberts, suprapubic pressure and Wood's corkscrew maneuvers; and

e.      was otherwise negligent.

3

16.     As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of GARCINI, individually and as an employee, servant, agent and/or apparent agent of SILVER CROSS, Plaintiff, MELAYAH LOCKETT-JOHNSON, a minor, suffered severe, permanent, and irreversible neurological damage; is permanently disabled; has experienced and will permanently experience untold suffering; has incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing, caretaking, custodial and has an impaired or no earning capacity.

17.     The Plaintiff MELAYAH LOCKETT-JOHNSON, a minor, through her mother and next friend, SYDNIE WILLIAMSON, attach affidavits and reports in compliance with 735 ILCS 5/2-622 (attached as Group Exhibit A).

WHEREFORE, Plaintiff MELAYAH LOCKETT-JOHNSON, a minor, through her mother and next friend, SYDNIE WILLIAMSON, demands judgment against the Defendants SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation, and FRANCISCO J. GARCINI, M.D., Individually and as an employee, agent and/or apparent agent of SILVER CROSS HOSPITAL AND MEDICAL CENTERS, in an amount in excess of $50,000, together with the costs of this action.

## COUNT TWO
### (Lockett-Johnson v. Silver Cross and Dr. Garcini)
### (Family Expense Act)

NOW COMES Plaintiff, SYDNIE WILLIAMSON, Individually, by and through her attorneys SALVI, SCHOSTOK & PRITCHARD complaining of Defendants, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation (hereinafter "SILVER CROSS") and FRANCISCO J. GARCINI, MD, Individually, (hereinafter "GARCINI"), alleges and states as follows:

4

1-15. Plaintiff MELAYAH LOCKETT-JOHNSON, by and through her mother SYDNIE WILLIAMSON, restates, re-alleges and incorporates by reference paragraphs 1 through 15 of Count One, including all subparagraphs, as and for paragraphs 1 through 15 of Count Two.

16.     That Plaintiff SYDNIE WILLIAMSON is the natural parent and legal guardian of MELAYAH LOCKETT-JOHNSON, a minor.

17.     That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of GARCINI, individually and as an employee, servant, agent and/or apparent agent of SILVER CROSS, Plaintiff SYDNIE WILLIAMSON as the parent of the minor Plaintiff MELAYAH LOCKETT-JOHNSON, incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing and other medical and family expenses of the minor Plaintiff pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

18.     That Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 of the Illinois Compiled Statutes as amended (attached as Group Exhibit A).

WHEREFORE, Plaintiff SYDNIE WILLIAMSON, demands judgment against the Defendants SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation and FRANCISCO J. GARCINI, M.D., Individually and as an employee, agent and/or apparent agent of SILVER CROSS HOSPITAL AND MEDICAL CENTERS, in an amount in excess of $50,000, together with the costs of this action.

## COUNT THREE
### (Lockett-Johnson v. Silver Cross)
### (Nursing Negligence)

NOW COMES Plaintiff, MELAYAH LOCKETT-JOHNSON, a minor, by SYDNIE WILLIAMSON, her mother and next friend, by and through her attorneys SALVI, SCHOSTOK & PRITCHARD, complaining of Defendant, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation (hereinafter "SILVER CROSS"), alleges and states as follows:

1.  On March 21, 2011, and at all times relevant, SILVER CROSS operated as a general hospital licensed by the State of Illinois in the County of Will.

2.  On March 21, 2011, and at all times relevant, SILVER CROSS held itself out to the public generally as a provider of medical and nursing services.

3.  On March 21, 2011, and at all times relevant, SILVER CROSS undertook to employ nurses for the purpose of providing nursing services to individuals like MELAYAH LOCKETT- JOHNSON and SYDNIE WILLIAMSON.

4.  On March 20, 2011, and at all times relevant, SYDNIE WILLIAMSON was admitted to SILVER CROSS as an obstetrical patient.

5.  On March 21, 2011, and at all times relevant, SILVER CROSS provided certain facilities including Labor Room, Delivery Room, and Special Care Nursery for patients, including the Plaintiffs SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor.

6.  On March 21, 2011, and at all times relevant, SILVER CROSS provided certain instruments, drugs, and obstetrical nursing services to patients, including SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor.

7. On March 21, 2011, and at all times relevant, nurses of SILVER CROSS provided nursing care and treatment to SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, during the labor of SYDNIE WILLIAMSON and delivery of MELAYAH LOCKETT-JOHNSON.

8. On March 21, 2011, and at all times relevant, the nurses providing care and treatment to SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON were doing so as employees and agents of SILVER CROSS.

9. While providing medical care and treatment to SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, the nurses had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful labor and delivery nurse would use in the same or similar circumstances.

10. Defendant, SILVER CROSS, by and through its nurses, breached its duties and was negligent in one or more of the following respects:

    a. Failed to properly assess SYDNIE WILLIAMSON;

    b. Failed to advocate for SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON; and/or

    c. Was otherwise negligent.

11. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, SILVER CROSS, by and through its nurses, Plaintiff, MELAYAH LOCKETT-JOHNSON, a minor, suffered severe, permanent, and irreversible neurological damage; is permanently disabled; has experienced and will permanently experience untold suffering; has incurred and in the future will incur obligations for substantial sums of

money for hospital, medical, nursing, caretaking, custodial and has an impaired or no earning capacity.

12.     That Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 of the Illinois Compiled Statutes as amended (attached as Group Exhibit A).

WHEREFORE, Plaintiff MELAYAH LOCKETT-JOHNSON, a minor, through her mother and next friend, SYDNIE WILLIAMSON, demands judgment against the Defendant, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation, in an amount in excess of $50,000, together with the costs of this action.

**COUNT FOUR**
**(Lockett-Johnson v. Silver Cross)**
**(Family Expense Act)**

NOW COMES Plaintiff, SYDNIE WILLIAMSON, Individually, by and through her attorneys SALVI, SCHOSTOK & PRITCHARD, complaining of Defendant, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation (hereinafter "SILVER CROSS") alleges and states as follows:

1-10.  Plaintiff MELAYAH LOCKETT-JOHNSON, by and through her mother SYDNIE WILLIAMSON, restates, re-alleges and incorporates by reference paragraphs 1 through 10 of Count Three, including all subparagraphs, as and for paragraphs 1 through 10 of Count Four.

11.     That Plaintiff SYDNIE WILLIAMSON is the natural parent and legal guardian of MELAYAH LOCKETT-JOHNSON, a minor.

12.     That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendant, SILVER CROSS, by and through its nurses, Plaintiff SYDNIE WILLIAMSON as the parent of the minor Plaintiff MELAYAH LOCKETT-

8

JOHNSON, incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing and other medical and family expenses of the minor Plaintiff pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

13.     That Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 of the Illinois Compiled Statutes as amended (attached as Group Exhibit A).

WHEREFORE, Plaintiff SYDNIE WILLIAMSON, demands judgment against the Defendant, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation in an amount in excess of $50,000, together with the costs of this action.

**COUNT FIVE**
**(Lockett-Johnson v. Partners in Obstetrics and Women's Health, P.C., and Dr. Garcini)**
**(Medical Negligence)**

NOW COMES Plaintiff, MELAYAH LOCKETT-JOHNSON, a minor, by SYDNIE WILLIAMSON, her mother and next friend, by and through her attorneys SALVI, SCHOSTOK & PRITCHARD, complaining of Defendants, PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., an Illinois Corporation (hereinafter "PARTNERS") and FRANCISCO J. GARCINI, MD, Individually, (hereinafter "GARCINI"), alleges and states as follows:

1.     On March 21, 2011, and at all times relevant, PARTNERS operated as a medical group licensed by the State of Illinois in the County of Will.

2.     On March 21, 2011, and at all times relevant, PARTNERS was an Illinois corporation licensed by the State of Illinois in the County of Will.

3.     On March 21, 2011, and at all times relevant, PARTNERS held itself out to the Plaintiffs and to the public generally as a provider of medical services.

4.  On March 21, 2011, and at all times relevant, GARCINI was a physician of obstetrics and gynecology licensed to practice medicine in all of its branches by the State of Illinois.

5.  On March 21, 2011, and at all times relevant, GARCINI held himself out to the Plaintiffs and to the public generally to be a physician licensed to practice medicine and specializing in obstetrics and gynecology.

6.  On March 21, 2011, and at all times relevant, GARCINI was a member of the medical staff at SILVER CROSS.

7.  On March 21, 2011, and at all times relevant, GARCINI was an employee, servant, agent and/or apparent agent of PARTNERS.

8.  On March 20, 2011, SYDNIE WILLIAMSON was admitted to SILVER CROSS as an obstetrical patient. Defendant, GARCINI, was the attending physician during this hospitalization.

9.  On March 21, 2011, and at all times relevant, SYDNIE WILLIAMSON delivered a female infant, the minor Plaintiff MELAYAH LOCKETT-JOHNSON, at SILVER CROSS.

10. On March 21, 2011, and at all times relevant, GARCINI provided obstetrical and gynecological care to Plaintiffs SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor, at SILVER CROSS.

11. On March 21, 2011, and at all times relevant, while providing medical care to Plaintiffs, SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor, GARCINI was doing so as an employee, servant, agent and/or apparent agent of PARTNERS.

12. On March 21, 2011, and at all times relevant, while providing treatment to Plaintiffs, SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor,

GARCINI had a duty to possess and apply the knowledge and skill that other obstetricians and gynecologists would exercise in the same or similar circumstances.

13.     On March 21, 2011, and at all times relevant, in derogation of his aforementioned duty, GARCINI, individually and as an employee, servant, agent and/or apparent agent of PARTNERS, breached that duty and was negligent in one or more of the following respects:

    a.    failed to appropriately manage the delivery of MELAYAH LOCKETT-JOHNSON, a minor;

    b.    inappropriately applied excessive pulling and traction during the delivery of MELAYAH LOCKETT-JOHNSON, a minor;

    c.    failed to make an episiotomy during the delivery of MELAYAH LOCKETT-JOHNSON, a minor, in order to allow more room for delivery;

    d.    failed to appropriately perform the McRoberts, suprapubic pressure and Wood's corkscrew maneuvers; and

    e.    was otherwise negligent.

14.     As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of GARCINI, individually and as an employee, servant, agent and/or apparent agent of PARTNERS, Plaintiff, MELAYAH LOCKETT-JOHNSON, a minor, suffered severe, permanent, and irreversible neurological damage; is permanently disabled; has experienced and will permanently experience untold suffering; has incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing, caretaking, custodial and has an impaired or no earning capacity.

15.     The Plaintiff MELAYAH LOCKETT-JOHNSON, a minor, through her mother and next friend, SYDNIE WILLIAMSON, attach affidavits and reports in compliance with 735 ILCS 5/2-622 (attached as Group Exhibit A).

WHEREFORE, Plaintiff MELAYAH LOCKETT-JOHNSON, a minor, through her mother and next friend, SYDNIE WILLIAMSON, demands judgment against the Defendants PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., an Illinois Corporation, and FRANCISCO J. GARCINI, M.D., Individually and as an employee, agent and/or apparent agent of PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., in an amount in excess of $50,000, together with the costs of this action.

**COUNT SIX**
**(Lockett-Johnson v. Partners in Obstetrics and Women's Health, P.C., and Dr. Garcini)**
**(Family Expense Act)**

NOW COMES Plaintiff, SYDNIE WILLIAMSON, Individually, by and through her attorneys SALVI, SCHOSTOK & PRITCHARD complaining of Defendants, PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., an Illinois Corporation (hereinafter "PARTNERS") and FRANCISCO J. GARCINI, MD, Individually, (hereinafter "GARCINI"), alleges and states as follows:

1-13. Plaintiff MELAYAH LOCKETT-JOHNSON, by and through her mother SYDNIE WILLIAMSON, restates, re-alleges and incorporates by reference paragraphs 1 through 13 of Count Five, including all subparagraphs, as and for paragraphs 1 through 13 of Count Six.

14. That Plaintiff SYDNIE WILLIAMSON is the natural parent and legal guardian of MELAYAH LOCKETT-JOHNSON, a minor.

15. That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of GARCINI, individually and as an employee, servant, agent and/or apparent agent of PARTNERS, Plaintiff SYDNIE WILLIAMSON as the parent of the minor Plaintiff MELAYAH LOCKETT-JOHNSON, incurred and in the future will incur obligations for

substantial sums of money for hospital, medical, nursing and other medical and family expenses of the minor Plaintiff pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

16.     That Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 of the Illinois Compiled Statutes as amended (attached as Group Exhibit A).

WHEREFORE, Plaintiff SYDNIE WILLIAMSON, demands judgment against the Defendants PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., an Illinois Corporation and FRANCISCO J. GARCINI, M.D., Individually and as an employee, agent and/or apparent agent of PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., in an amount in excess of $50,000, together with the costs of this action.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

Attorney for the Plaintiff

Tara R. Devine - ARDC #6280880
Elizabeth R. Olszewski – ARDC #6313651
SALVI, SCHOSTOK & PRITCHARD, P.C.
218 North Martin Luther King Jr. Ave.
Waukegan, IL 60085
(847) 249-1227
Atty. No. 34560

13

## CERTIFICATE FOR AN ACTION IN MEDICAL MALPRACTICE
## PURSUANT TO 735 ILCS 5/2-622

I am a physician licensed to practice medicine in all of its branches in the State of New York. I am board certified in obstetrics and gynecology. I have been in practice for over twenty five years. I am qualified and familiar with the appropriate standard of care for the issues in this case, and I am familiar with the methods, procedures and treatments relevant to the allegations at issue in this case. Based upon my training, education and experience, I am familiar with the standard of obstetric care for obstetricians regarding the care of patients like Sydnie Williamson and Melayah Lockett-Johnson.

I have reviewed in detail the records, facts, and other relevant materials pertaining to the medical care and treatment provided to Sydnie Williamson and Melayah Lockett-Johnson, including but not limited to the medical records from Francisco Garcini, M.D., and Silver Cross Hospital.

For the reasons that follow below, it is my opinion, which I hold to a reasonable degree of medical certainty, that a meritorious basis for filing an action exists against Dr. Garcini, Partners in Obstetrics and Women's Health, P.C., Silver Cross Hospital and Silver Cross Hospital labor and delivery nurses.

**It is my opinion that Francisco Garcini, M.D., Partners in Obstetrics and Women's Health, P.C., and Silver Cross Hospital and Medical Centers deviated from the standard of care in the following respects:**

    a.    failed to appropriately manage the delivery of MELAYAH LOCKETT-JOHNSON, a minor;

    b.    inappropriately applied excessive pulling and traction during the delivery of MELAYAH LOCKETT-JOHNSON, a minor;

    c.    failed to make an episiotomy during the delivery of MELAYAH LOCKETT-JOHNSON, a minor, in order to allow more room for delivery; and

    d.    failed to appropriately perform the McRoberts, suprapubic pressure and Wood's corkscrew maneuvers.

**It is my opinion that the nursing staff at Silver Cross Hospital and Medical Centers deviated from the standard of care in the following respects:**

    a.    failed to properly assess SYDNIE WILLIAMSON; and

    b.    failed to advocate for SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON.

1


EXHIBIT
Group
#A

In sum, it is my opinion that the above-referenced deviations in the standard of care each individually caused, or contributed to cause, injuries to Melayah Lockett-Johnson, a severe and permanent brachial plexus injury to Melayah Lockett-Johnson, culminating in a serious neurologic deficit in the child.

STATE OF ILLINOIS     )
                                )    SS
COUNTY OF WILL     )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

MELAYAH LOCKETT-JOHNSON, a minor,        )
by her mother and next friend, SYDNIE WILLIAMSON,   )
and SYDNIE WILLIAMSON, Individually,       )
                                 )
        Plaintiffs,               )
                                 )
     vs.                           )    No.
                                 )
SILVER CROSS HOSPITAL AND MEDICAL CENTERS,   )
an Illinois Corporation,                 )
FRANCISCO J. GARCINI, M.D., Individually, and    )
PARTNERS IN OBSTETRICS AND WOMEN'S     )
HEALTH, P.C., an Illinois Corporation,       )
                                 )
Defendants.                     )

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)

Pursuant to Supreme Court Rule 222(B), counsel for the above-named Plaintiff certifies that the Plaintiff seeks money damages in excess of $50,000.00.

Respectfully submitted:

SALVI, SCHOSTOK & PRITCHARD P.C.

One of the Attorneys for the Plaintiff

Tara Devine –ARDC # 6280880
218 N. Martin Luther King, Jr. Avenue
Waukegan, IL  60085
(847) 249-1227
tdevine@salvilaw.com



## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

MELAYAH LOCKETT-JOHNSON, A
MINOR, BY HER MOTHER AND NEXT
FRIEND, SYDNIE WILLIAMSON, AND
SYDNIE WILLIAMSON, INDIVIDUALLY,

      Plaintiff,

vs.

SILVER CROSS HOSPITAL AND MEDICAL
CENTERS, AN ILLINOIS CORPORATION,
FRANCISCO J. GARCINI, M.D.,
INDIVIDUALLY, AND PARTNERS IN
OBSTETRICS AND WOMEN'S HEALTH,
P.C., AN ILLINOIS CORPORATION,

      Defendant.

Case No.:   14 L 772

### NOTICE OF MOTION

TO:   SEE ATTACHED SERVICE LIST

    **PLEASE TAKE NOTICE** that on the **12th day of November, 2014 at 9:00 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Judge Powers** in Courtroom A201 or the courtroom usually occupied by him in the **Will County Court Annex, 57 North Ottawa, Joliet, Illinois,** and then and there present and request hearing *instanter* on MOTION TO EXTEND TIME, a copy of which accompanies this notice.

                FRANCISCO J. GARCINI, M.D., Individually, and
                PARTNERS IN OBSTETRICS AND WOMEN'S
                HEALTH, P.C., AN ILLINOIS CORPORATION,
                Defendants

                KAVANAGH GRUMLEY & GORBOLD LLC

                By: _____
                     One of the Attorneys for Defendants

Robert R. Gorbold ARDC #03124363
Kavanagh Grumley & Gorbold LLC
111 North Ottawa Street
Joliet, Illinois 60432
(815) 7274511
rgorbold@kggllc.com

278674


EXHIBIT
B

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
### WILL COUNTY, ILLINOIS

MELAYAH LOCKETT-JOHNSON, A
MINOR, BY HER MOTHER AND NEXT
FRIEND, SYDNIE WILLIAMSON, AND
SYDNIE WILLIAMSON, INDIVIDUALLY,

      Plaintiff,

vs.

SILVER CROSS HOSPITAL AND MEDICAL
CENTERS, AN ILLINOIS CORPORATION,
FRANCISCO J. GARCINI, M.D.,
INDIVIDUALLY, AND PARTNERS IN
OBSTETRICS AND WOMEN'S HEALTH,
P.C., AN ILLINOIS CORPORATION,

      Defendant.

Case No.:    14 L 772

### PROOF OF SERVICE BY MAIL

TO:   SEE ATTACHED SERVICE LIST

     I, Ellen L. Silkey, a non-attorney, certify that I served the foregoing Notice of Motion and
Motion to Extend Time upon all attorneys of record at their respective addresses listed above by
placing copies of the same in properly addressed, postage prepaid envelopes, and depositing said
envelopes in a U.S. Post Office Mailbox in Joliet, Illinois on the 7th day of November, 2014.

[X]    Under penalties as provided by law
      pursuant to 735 ILCS 5/1-109 I
      certify that the statements set
      forth herein are true and correct.

                    *Ellen L. Silkey*

278674

## SERVICE LIST

Melayah Lockett-Johnson, a minor, by her mother and next friend, Sydnie Williamson, and Sydnie Williamson, Individually v. Silver Cross Hospital And Medical Centers, an Illinois corporation, Francisco J. Garcini, M.D., Individually, and Partners In Obstetrics And Women's Health, P.C., an Illinois Corporation
Will County Case No: 2014 L 772

Salvi, Schostok & Pritchard, PC
Ms. Tara Devine
218 North Utica Street
Waukegan, IL 60085
(847) 249-1227
(847) 249-1038
tdevine@salvilaw.com
**Attorney for Plaintiffs**

Lowis & Gellen, LLP
Mr. James M. Bream
200 West Adams Street
Suite 1900
Chicago, IL 60606
(312) 364-2500
(312) 364-1003
jbream@lowis-gellen.com
**Attorney for Silver Cross Hospital**

278671

1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MELAYAH LOCKETT-JOHNSON, a minor, by her mother and next friend, SYDNIE WILLIAMSON, and SYDNIE WILLIAMSON, Individually, | ) ) ) ) ) | No. 15 C 5600 |
| Plaintiffs, | ) ) | Judge Sharon J. Coleman |
| v. | ) ) | Formerly Case No. 14 L 772 Circuit Court of the Twelfth Judicial |
| SILVER CROSS HOSPITAL AND MEDICAL CENTERS, *et al.* | ) ) ) | Circuit, Will County, Illinois |
| Defendants. | ) ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on July 9, 2015, at 8:45 a.m., or as soon thereafter as counsel may be heard, I will appear before the Honorable Sharon J. Coleman at the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, or before such other judge who may be sitting in her place and stead, and then and there present the motion of the United States to dismiss, at which time and place you may appear, if you see fit.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Peter Sullivan
PETER SULLIVAN
Special Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9082
peter.sullivan@usdoj.gov

## Certificate of Service

The undersigned Special Assistant United States Attorney hereby certifies that in accordance with Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

      NOTICE OF MOTION, and

      UNITED STATES' MOTION TO DISMISS FOR FAILURE TO EXHAUST
      ADMINISTRATIVE REMEMDIES

were served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail on June 6, 2015, to the following non-ECF filers:

      Tara R. Devine
      Elizabeth R. Olszewski
      Salvi, Schostok & Pritchard, P.C.
      218 North Martin Luther King Jr. Ave
      Waukegan, Illinois 60085

                              s/ Peter Sullivan
                              PETER SULLIVAN
                              Special Assistant United States Attorney
                              219 South Dearborn Street
                              Chicago, Illinois 60604
                              (312) 886-9082
                              peter.sullivan@usdoj.gov

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

MELAYAH LOCKETT-JOHNSON, A
MINOR, BY HER MOTHER AND NEXT
FRIEND, SYDNIE WILLIAMSON, AND
SYDNIE WILLIAMSON,
INVIDIVUDALLY,

                Plaintiff,

vs.

SILVER CROSS HOSPITAL AND
MEDICAL CENTERS, AN ILLINOIS
CORPORATION, FRANCISCO J. GARCINI,
M.D., INDIVIDUALLY, AND PARTNERS
IN OBSTETRICS AND WOMEN'S
HEALTH, P.C., AN ILLINOIS
CORPORATION,

                Defendant.

Case No. 14 L 772

## MOTION TO EXTEND TIME

Now come Defendants, FRANCISCO J. GARCINI, M.D., Individually, and PARTNERS

IN OBSTETRICS AND WOMEN'S HEALTH, P.C., an Illinois corporation, by and through

their attorneys, KAVANAGH GRUMLEY & GORBOLD LLC, and prays this Honorable Court

enter an Order, extending this Defendants' time within which to answer or otherwise plead by

sixty (60) days in order to complete their initial investigation concerning the proper party

Defendants and related issues in the above-referenced matter.

                FRANCISCO J. GARCINI, M.D., Individually, and
                PARTNERS IN OBSTETRICS AND WOMEN'S
                HEALTH, P.C., an Illinois corporation, Defendants

                KAVANAGH GRUMLEY & GORBOLD LLC

                By: _____
                     One of the Attorneys for Defendants

1

278668

ROBERT R. GORBOLD, ARDC #03124363
Kavanagh Grumley & Gorbold LLC
111 North Ottawa Street
Joliet, Illinois  60432
(815) 727-4511
rgorbold@kggllc.com

2

278668

LAW OFFICES

# SALVI, SCHOSTOK
# & PRITCHARD P.C.

November 26, 2014

U.S. Department of Health and Human Services
Attention: Secretary Sylvia Mathews Burwell
200 Independence Ave. S.W.
Washington, D.C. 20201

  RE: **Lockett-Johnson v. Silver Cross Hospital, et al**

Dear Secretary Burwell:

  Please be advised that I have been retained to represent Melayah Lockett-Johnson ("Melayah"), a minor, in connection with her claims for personal injuries arising out of her negligent delivery by Dr. Francisco Garcini at Silver Cross Hospital and Medical Centers. Enclosed please find a copy of the Complaint that was filed on her behalf. In summary, the plaintiff has alleged that Dr. Garcini, while acting as an apparent agent of Silver Cross Hospital and Medical Centers, negligently delivered Melayah causing a severe brachial plexus injury. Silver Cross Hospital and Medical Centers is not a federally qualified facility pursuant to your website: http://bphc.hrsa.gov/ftca.

  I have recently been informed by Dr. Garcini's counsel that they intend to submit (if they have not already done so), an application for analysis regarding whether Dr. Garcini was an employee of the Public Health Service at the time he delivered Melayah on March 21, 2011. Upon information and belief, Dr. Garcini's basis for an application to be deemed an employee of the Public Health Service is by means of his affiliation with a separate program to "forgive" his loans because he was an employee of a local governmental or non-profit entity. It is not by means of any affiliation with a federally qualified health clinic. **As an interested party in this case, I am formally objecting to any contention that Dr. Garcini is a Public Health Service employee entitled to jurisdiction under the Federal Tort Claims Act, 28 USCS §1346(b) and 2672.**

  Upon information and belief, Dr. Garcini's request is based upon his affiliation with Will County Community Health Center. It is our understanding that Dr. Garcini had a separate contract with Will County Community Health Center at the time that he was operating as an apparent agent of Silver Cross Hospital and Medical Centers delivering Melayah. Importantly, there are no allegations within the Complaint against Will County Community Health Center, and Will County Community Health Center is not a defendant. Will County Health Department and Community Health Center was not (and still is not) a federally qualified health clinic http://bphc.hrsa.gov/ftca.

**EXHIBIT C**

Secretary Sylvia Mathews Burwell
Page 2
November 26, 2014

Melayah did not receive any medical treatment and care through Dr. Garcini at Will County Health Department and Community Health Center during the time of her injury. In other words, the alleged negligence did not occur at that facility or by Dr. Garcini as an agent of that facility but rather by Dr. Garcini as an apparent of Silver Cross Hospital and Medical Center. Further, at the time of her treatment, Melayah would have no way of knowing that Dr. Garcini was a recipient of this federal loan forgiveness program. She knew of Dr. Garcini only through his affiliation with Silver Cross Hospital and Medical Centers – where she was delivered. Finally, recipients of loan forgiveness do not and should not qualify as Public Health Service employees merely by means of this personal loan forgiveness request, which has nothing to do with the physicians' income or payment for his services at the time of the negligence. Pursuant to 42 USCS §233(g)(1)(B) and (C), Dr. Garcini does not meet the statutory definition of a Public Health Service employee and, therefore, is not entitled to jurisdiction under the Federal Tort Claims Act, 28 USCS §1346(b) and 2672.

It would be highly prejudicial to Melayah to qualify Dr. Garcini as a Public Health Service employee merely by means of his receipt of loan forgiveness through an unqualified local governmental facility, where his loan forgiveness receipt is wholly unrelated to his negligence as an apparent agent of an unqualified hospital.

As an interested party in this case, I simply request you provide me with a copy of your decision relating to Dr. Garcini's employment status.

Very truly yours,

SALVI, SCHOSTOK & PRITCHARD

Tara R. Devine

TRD
Enclosure
Cc:    All Counsel of Record

LAW OFFICES

# SALVI, SCHOSTOK & PRITCHARD P.C.

January 13, 2015

*VIA FACSIMILE: (202) 616-5200*
Federal Tort Claims Act Section
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, DC 20044

*VIA FACSIMILE: (312) 886-4073*
David R. Lidow
Assistant United States Attorney
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604

**RE:    Lockett-Johnson v. Silver Cross Hospital, et al**

To Whom It May Concern:

Please be advised that I have been retained to represent Melayah Lockett-Johnson ("Melayah"), a minor, in connection with her claims for personal injuries arising out of her negligent delivery by Dr. Francisco Garcini at Silver Cross Hospital and Medical Centers. Enclosed please find a copy of the Complaint that was filed on her behalf. In summary, the plaintiff has alleged that Dr. Garcini, while acting as an apparent agent of Silver Cross Hospital and Medical Centers, negligently delivered Melayah causing a severe brachial plexus injury. Silver Cross Hospital and Medical Centers is not a federally qualified facility pursuant to your website: http://bphc.hrsa.gov/ftca.

I have recently been informed by Dr. Garcini's counsel that they intend to submit (if they have not already done so), an application for analysis regarding whether Dr. Garcini was an employee of the Public Health Service at the time he delivered Melayah on March 21, 2011. Upon information and belief, Dr. Garcini's basis for an application to be deemed an employee of the Public Health Service is by means of his affiliation with a separate program to "forgive" his loans because he was an employee of a local governmental or non-profit entity. It is not by means of any affiliation with a federally qualified health clinic. **As an interested party in this case, I am formally objecting to any contention that Dr. Garcini is a Public Health Service employee entitled to jurisdiction under the Federal Tort Claims Act, 28 USCS §1346(b) and 2672.**

**EXHIBIT**

D

tabbies®

Page 2
January 13, 2015

Upon information and belief, Dr. Garcini's request is based upon his affiliation with Will County Community Health Center. It is our understanding that Dr. Garcini had a separate contract with Will County Community Health Center at the time that he was operating as an apparent agent of Silver Cross Hospital and Medical Centers delivering Melayah. Importantly, there are no allegations within the Complaint against Will County Community Health Center, and Will County Community Health Center is not a defendant. Will County Health Department and Community Health Center was not (and still is not) a federally qualified health clinic http://bphc.hrsa.gov/ftca.

Melayah did not receive any medical treatment and care through Dr. Garcini at Will County Health Department and Community Health Center during the time of her injury. In other words, the alleged negligence did not occur at that facility or by Dr. Garcini as an agent of that facility but rather by Dr. Garcini as an apparent of Silver Cross Hospital and Medical Center. Further, at the time of her treatment, Melayah would have no way of knowing that Dr. Garcini was a recipient of this federal loan forgiveness program. She knew of Dr. Garcini only through his affiliation with Silver Cross Hospital and Medical Centers – where she was delivered. Finally, recipients of loan forgiveness do not and should not qualify as Public Health Service employees merely by means of this personal loan forgiveness request, which has nothing to do with the physicians' income or payment for his services at the time of the negligence. Pursuant to 42 USCS §233(g)(1)(B) and (C), Dr. Garcini does not meet the statutory definition of a Public Health Service employee and, therefore, is not entitled to jurisdiction under the Federal Tort Claims Act, 28 USCS §1346(b) and 2672.

It would be highly prejudicial to Melayah to qualify Dr. Garcini as a Public Health Service employee merely by means of his receipt of loan forgiveness through an unqualified local governmental facility, where his loan forgiveness receipt is wholly unrelated to his negligence as an apparent agent of an unqualified hospital.

As an interested party in this case, I simply request you provide me with a copy of your decision relating to Dr. Garcini's employment status.

Very truly yours,

SALVI, SCHOSTOK & PRITCHARD

Tara R. Devine

TRD/ERO
Enclosure
Cc:     All Counsel of Record



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division

330 C Street, S.W.
Switzer Building, Room 2600
Washington, DC 20201

UPS EXPRESS MAIL

AUSA Tom Walsh, Civil Chief
United States Attorney's Office
Northern District of Illinois
219 S. Dearborn Street, Fifth Floor
Chicago, Illinois 60604

MAY 1 3 2015

Re:   Melayah Lockett-Johnson, a minor, by her mother and next friend, Sydnie Williamson,
      and Sydnie Williamson, Individually v. Silver Cross Hospital and Medical Centers,
      Francisco J. Garcini, M.D., Individually, and Partners In Obstetrics and Women's Health,
      P.C., Case No. 14L772 (In the Circuit Court of the Twelfth Judicial Circuit Will County,
      Illinois)

Dear Mr. Walsh:

I am writing to ask you to assign an Assistant United States Attorney to defend the
above-referenced medical malpractice suit filed in state court against a grantee of the Department
of Health and Human Services. In this case, Plaintiff, Sydnie Williamson, alleged that on or
about March 21, 2011, Dr. Francisco Garcini provided Sydnie Williamson with negligent
obstetrical care during her delivery at Silver Cross Hospital ("hospital") and as a result, her infant
sustained birth-related neurological injuries. By operation of the Federally Supported Health
Centers Assistance Act ("FSHCAA" or "the Act") (42 U.S.C. § 233(g)-(n)), Will County Health
Department/Will County Community Health Center ("health center") and Dr. Garcini are
covered under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-80.

I request that your office promptly remove the action to United States District Court, substitute
the United States for Dr. Francisco Garcini[1] pursuant to 42 U.S.C. § 233(c), dismiss the action

---

[1] Dr. Francisco Garcini was a qualified Ob/Gyn contractor for Will County Health
Department/Will County Community Health Center. The obstetrical and gynecology services
provided to Ms. Sydnie Williamson by Dr. Garcini at Silver Cross Hospital located at 1900
Silver Cross Boulevard, New Lexon, Illinois, 60451, on March 21, 2011, were approved services
within the scope of Dr. Garcini's employment contract and therefore, those acts and omissions
are covered under FTCA. Also during the time alleged in the complaint, Dr. Garcini was
employed with Partners In Obstetrics and Women's Health, P.C., *non-federally supported
health center*, located at 1870 Silver Cross Boulevard, New Lenox, Illinois, 60451. The Partners
In Obstetrics and Women's Health is not a federally supported health center nor an approved
delivery site of the Will County Health Department/Will County Community Health Center.
Therefore, Partners in Obstetrics and Women's Health , P.C., is not covered under FTCA in the



**EXHIBIT**

tabbies

ℰ

Page 2 -AUSA Tom Walsh, Civil Chief

against the United States for plaintiff's failure to exhaust administrative remedies, pursuant to 28 U.S.C. § 2675 and dismiss with prejudice for plaintiff's failure to file suit within the statute of limitations, pursuant to 28 U.S.C. § 2401(b).

Enclosed is a copy of our file, including the complaint, the "deeming letters," a statement from the health center provider describing the care given to Sydnie Williamson and Melayah Lockett-Johnson, minor, and documents related to the employment status of the named health care provider involved in this matter. The Secretary of Health and Human Services deemed Will County Health Department/Will County Community Health Center eligible for FTCA coverage pursuant to the FSHCAA on January 1, 2010, January 1, 2011 and January 1, 2012. See 42 U.S.C. § 233(h)(deeming criteria). As the enclosed records indicate, Dr. Garcini was a qualified Ob/Gyn contractor of the health center acting within the scope of his contract during the time alleged in the complaint. I have enclosed a declaration stating that the plaintiffs have not filed an administrative tort claim with the Agency. Thus, this case must be dismissed. I have not included a litigation report as the merits of the malpractice claim are not yet at issue.

If you have any questions or if this office can be of assistance, please do not hesitate to call Dana Wyche-Adams at (202) 691-2053 or email at dana.wyche@hhs.gov. Please keep us informed of the progress of this case, and, in particular, please send Ms. Wyche-Adams a copy of the dismissal order. Thank you very much for your assistance in this case.

Sincerely,

Meredith Torres
Senior Attorney, Claims and Employment Law Branch
meredith.torres@hhs.gov

cc:    Ms. Connie Montemayor
       Interim, Executive Director
       Will County Health Department and Community Health Center
       501 Ella Avenue
       Juliet, Illinois 60433

above-referenced case.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Melayah Lockett-Johnson, a minor, by her )
mother and next friend, Sydnie Williamson, and )
Sydnie Williamson, Individually, )
                              )
                              )
         Plaintiffs, )
                              )
          v. )          Case No.
                              )
Silver Cross Hospital and Medical Centers, )
Francisco J. Garcini, M.D., Individually, and )
Partners In Obstetrics and Women's Health, P.C.,)
                              )
         Defendants. )

DECLARATION OF
MEREDITH TORRES

    1. I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

    2. The Department has a Claims Branch that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

-2-

3. As a consequence, if a tort claim had been filed with the Department with respect to Will County Health Department/Will County Community Health Center, its approved delivery sites, or its employees or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4. I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Sydnie Williamson, Individually and as Mother and Next Friend of Melayah Lockett-Johnson, a minor, or an authorized representative relating to Will County Health Department/Will County Community Health Center and/or Francisco Garcini, M.D.

5. I have also reviewed official agency records and determined that Will County Health Department/Will County Community Health Center was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2010, and that its coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of the notifications by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Will County Health Department/Will County Community Health Center are attached to this declaration as Exhibit 1.

6. Official agency records further indicate that Francisco Garcini, M.D., was a qualified contractor of Will County Health Department/Will County Community Health Center at all times relevant to the complaint in this case.

-3-

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 13th day of May _____, 2015.

_Meredith Jones_

MEREDITH TORRES
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELAYAH LOCKETT-JOHNSON, a minor,   )
by her mother and next friend, SYDNIE   )
WILLIAMSON, and SYDNIE   )
WILLIAMSON, Individually,   )
  )
                 Plaintiffs,   )  No. 15 C 5600
  )
            v.   )  Judge
  )
SILVER CROSS HOSPITAL AND   )  Formerly Case No. 14 L 772
MEDICAL CENTERS, an Illinois   )  Circuit Court of the Twelfth Judicial
Corporation, FRANCISCO J. GARCINI,   )  Circuit, Will County, Illinois
M.D., Individually, and PARTNERS IN   )
OBSTETRICS AND WOMEN'S HEALTH,   )
P.C., an Illinois Corporation,   )
  )
           Defendants.   )

## NOTICE OF REMOVAL OF A CIVIL ACTION AND
## SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

To:   Pamela McGuire               Tara R. Devine
       Will County Circuit Clerk       Elizabeth R. Olszewski
       14 West Jefferson Street        Salvi, Schostok & Pritchard, P.C.
       Joliet, Illinois 60432          218 North Martin Luther King Jr. Ave
                                    Waukegan, Illinois 60085

       The United States, by its attorney, Zachary T. Fardon, United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action

from the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, to the United States

District Court, Northern District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof

states the following:

       1.     On October 6, 2014, plaintiffs Melayah Lockett-Johnson, a minor, by her mother

and next friend, Sydnie Williamson, and Sydnie Williamson, individually, commenced the above



civil action against Francisco J. Garcini, M.D., and others, alleging medical malpractice. A copy of the state court complaint is attached as Exhibit A. For purposes of this lawsuit, Will County Health Department/Will County Community Health Center is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. *See* Exhibit B. In addition, Francisco J. Garcini, M.D., was acting within the scope of his employment at the Will County Health Department/Will County Community Health Center with respect to the incidents referred to in the complaint. *Id.*

        2.    This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that Will County Health Department/Will County Community Health Center was a private entity receiving grant money from the Public Health Service and that defendant Francisco J. Garcini, M.D., was acting within the scope of his employment at the Will County Health Department/Will County Community Health Center with respect to the incidents referred to in the complaint. Exhibit B.

        3.    This notice of removal may be filed without bond at any time before trial. 42 U.S.C. § 233(c). Trial has not yet been had in this action.

        4.    Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 28 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendant Francisco J. Garcini, M.D.

2

WHEREFORE, this action now pending in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Francisco J. Garcini, M.D.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Peter Sullivan
PETER SULLIVAN
Special Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9082
peter.sullivan@usdoj.gov

3

Exhibit A

FILED

STATE OF ILLINOIS )
) SS
COUNTY OF WILL )

2014 OCT -6 PM 4: 12

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

MELAYAH LOCKETT-JOHNSON, a minor, )
by her mother and next friend, SYDNIE WILLIAMSON, )
and SYDNIE WILLIAMSON, Individually, )
)
Plaintiffs, )
)
vs. ) No.
)
SILVER CROSS HOSPITAL AND MEDICAL CENTERS, )
an Illinois Corporation, )
FRANCISCO J. GARCINI, M.D., Individually, and ) 14 L 772
PARTNERS IN OBSTETRICS AND WOMEN'S )
HEALTH, P.C., an Illinois Corporation, )
)
Defendants. )

## COMPLAINT AT LAW

### COUNT ONE
(Lockett-Johnson v. Silver Cross and Dr. Garcini)
(Medical Negligence)

NOW COMES Plaintiff, MELAYAH LOCKETT-JOHNSON, a minor, by SYDNIE WILLIAMSON, her mother and next friend, by and through her attorneys SALVI, SCHOSTOK & PRITCHARD, complaining of Defendants, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation (hereinafter "SILVER CROSS") and FRANCISCO J. GARCINI, MD, Individually, (hereinafter "GARCINI"), alleges and states as follows:

1.      On March 21, 2011, and at all times relevant, SILVER CROSS operated as a general hospital licensed by the State of Illinois in the County of Will.

2.      On March 21, 2011, and at all times relevant, SILVER CROSS was an Illinois corporation licensed by the State of Illinois in the County of Will.

Initial case management set for

1/26/2015 at: 9:00
Room 14201

1

3.     On March 21, 2011, and at all times relevant, SILVER CROSS held itself out to the Plaintiffs and to the public generally as a provider of medical services.

4.     On March 21, 2011, and at all times relevant, GARCINI was a physician of obstetrics and gynecology licensed to practice medicine in all of its branches by the State of Illinois.

5.     On March 21, 2011, and at all times relevant, GARCINI held himself out to the Plaintiffs and to the public generally to be a physician licensed to practice medicine and specializing in obstetrics and gynecology.

6.     On March 21, 2011, and at all times relevant, GARCINI was a member of the medical staff at SILVER CROSS.

7.     On March 21, 2011, and at all times relevant, GARCINI was an employee, servant, agent and/or apparent agent of SILVER CROSS.

8.     On March 20, 2011, SYDNIE WILLIAMSON was admitted to SILVER CROSS as an obstetrical patient.  Defendant, GARCINI, was the attending physician during this hospitalization.

9.     On March 21, 2011, and at all times relevant, SILVER CROSS provided certain facilities including Labor Room, Delivery Room, and Special Care Nursery for patients, including the Plaintiffs SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor.

10.     On March 21, 2011, and at all times relevant, SILVER CROSS provided certain instruments, drugs, and obstetrical nursing services to patients, including SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor.

2

11.    On March 21, 2011, and at all times relevant, SYDNIE WILLIAMSON delivered a female infant, the minor Plaintiff MELAYAH LOCKETT-JOHNSON, at SILVER CROSS.

12.    On March 21, 2011, and at all times relevant, GARCINI provided obstetrical and gynecological care to Plaintiffs SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor, at SILVER CROSS.

13.    On March 21, 2011, and at all times relevant, while providing medical care to Plaintiffs, SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor, GARCINI was doing so as an employee, servant, agent and/or apparent agent of SILVER CROSS.

14.    On March 21, 2011, and at all times relevant, while providing treatment to Plaintiffs, SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor, GARCINI had a duty to possess and apply the knowledge and skill that other obstetricians and gynecologists would exercise in the same or similar circumstances.

15.    On March 21, 2011, and at all times relevant, in derogation of his aforementioned duty, GARCINI, individually and as an employee, servant, agent and/or apparent agent of SILVER CROSS, breached that duty and was negligent in one or more of the following respects:

    a.    failed to appropriately manage the delivery of MELAYAH LOCKETT-JOHNSON, a minor;

    b.    inappropriately applied excessive pulling and traction during the delivery of MELAYAH LOCKETT-JOHNSON, a minor;

    c.    failed to make an episiotomy during the delivery of MELAYAH LOCKETT-JOHNSON, a minor, in order to allow more room for delivery;

    d.    failed to appropriately perform the McRoberts, suprapubic pressure and Wood's corkscrew maneuvers; and

    e.    was otherwise negligent.

3

16. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of GARCINI, individually and as an employee, servant, agent and/or apparent agent of SILVER CROSS, Plaintiff, MELAYAH LOCKETT-JOHNSON, a minor, suffered severe, permanent, and irreversible neurological damage; is permanently disabled; has experienced and will permanently experience untold suffering; has incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing, caretaking, custodial and has an impaired or no earning capacity.

17. The Plaintiff MELAYAH LOCKETT-JOHNSON, a minor, through her mother and next friend, SYDNIE WILLIAMSON, attach affidavits and reports in compliance with 735 ILCS 5/2-622 (attached as Group Exhibit A).

WHEREFORE, Plaintiff MELAYAH LOCKETT-JOHNSON, a minor, through her mother and next friend, SYDNIE WILLIAMSON, demands judgment against the Defendants SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation, and FRANCISCO J. GARCINI, M.D., individually and as an employee, agent and/or apparent agent of SILVER CROSS HOSPITAL AND MEDICAL CENTERS, in an amount in excess of $50,000, together with the costs of this action.

## COUNT TWO
(Lockett-Johnson v. Silver Cross and Dr. Garcini)
(Family Expense Act)

NOW COMES Plaintiff, SYDNIE WILLIAMSON, Individually, by and through her attorneys SALVI, SCHOSTOK & PRITCHARD complaining of Defendants, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation (hereinafter "SILVER CROSS") and FRANCISCO J. GARCINI, MD, Individually, (hereinafter "GARCINI"), alleges and states as follows:

4

1-15.   Plaintiff MELAYAH LOCKETT-JOHNSON, by and through her mother SYDNIE WILLIAMSON, restates, re-alleges and incorporates by reference paragraphs 1 through 15 of Count One, including all subparagraphs, as and for paragraphs 1 through 15 of Count Two.

16.   That Plaintiff SYDNIE WILLIAMSON is the natural parent and legal guardian of MELAYAH LOCKETT-JOHNSON, a minor.

17.   That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of GARCINI, individually and as an employee, servant, agent and/or apparent agent of SILVER CROSS, Plaintiff SYDNIE WILLIAMSON as the parent of the minor Plaintiff MELAYAH LOCKETT-JOHNSON, incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing and other medical and family expenses of the minor Plaintiff pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

18.   That Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 of the Illinois Compiled Statutes as amended (attached as Group Exhibit A).

WHEREFORE, Plaintiff SYDNIE WILLIAMSON, demands judgment against the Defendants SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation and FRANCISCO J. GARCINI, M.D., Individually and as an employee, agent and/or apparent agent of SILVER CROSS HOSPITAL AND MEDICAL CENTERS, in an amount in excess of $50,000, together with the costs of this action.

5

## COUNT THREE
(Lockett-Johnson v. Silver Cross)
(Nursing Negligence)

NOW COMES Plaintiff, MELAYAH LOCKETT-JOHNSON, a minor, by SYDNIE WILLIAMSON, her mother and next friend, by and through her attorneys SALVI, SCHOSTOK & PRITCHARD, complaining of Defendant, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation (hereinafter "SILVER CROSS"), alleges and states as follows:

1.    On March 21, 2011, and at all times relevant, SILVER CROSS operated as a general hospital licensed by the State of Illinois in the County of Will.

2.    On March 21, 2011, and at all times relevant, SILVER CROSS held itself out to the public generally as a provider of medical and nursing services.

3.    On March 21, 2011, and at all times relevant, SILVER CROSS undertook to employ nurses for the purpose of providing nursing services to individuals like MELAYAH LOCKETT-JOHNSON and SYDNIE WILLIAMSON.

4.    On March 20, 2011, and at all times relevant, SYDNIE WILLIAMSON was admitted to SILVER CROSS as an obstetrical patient.

5.    On March 21, 2011, and at all times relevant, SILVER CROSS provided certain facilities including Labor Room, Delivery Room, and Special Care Nursery for patients, including the Plaintiffs SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor.

6.    On March 21, 2011, and at all times relevant, SILVER CROSS provided certain instruments, drugs, and obstetrical nursing services to patients, including SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor.

6

7.     On March 21, 2011, and at all times relevant, nurses of SILVER CROSS provided nursing care and treatment to SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, during the labor of SYDNIE WILLIAMSON and delivery of MELAYAH LOCKETT-JOHNSON.

8.     On March 21, 2011, and at all times relevant, the nurses providing care and treatment to SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON were doing so as employees and agents of SILVER CROSS.

9.     While providing medical care and treatment to SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, the nurses had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful labor and delivery nurse would use in the same or similar circumstances.

10.    Defendant, SILVER CROSS, by and through its nurses, breached its duties and was negligent in one or more of the following respects:

   a.   Failed to properly assess SYDNIE WILLIAMSON;

   b.   Failed to advocate for SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON; and/or

   c.   Was otherwise negligent.

11.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, SILVER CROSS, by and through its nurses, Plaintiff, MELAYAH LOCKETT-JOHNSON, a minor, suffered severe, permanent, and irreversible neurological damage; is permanently disabled; has experienced and will permanently experience untold suffering; has incurred and in the future will incur obligations for substantial sums of

7

money for hospital, medical, nursing, caretaking, custodial and has an impaired or no earning capacity.

12.     That Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 of the Illinois Compiled Statutes as amended (attached as Group Exhibit A).

WHEREFORE, Plaintiff MELAYAH LOCKETT-JOHNSON, a minor, through her mother and next friend, SYDNIE WILLIAMSON, demands judgment against the Defendant, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation, in an amount in excess of $50,000, together with the costs of this action.

COUNT FOUR<br>(Lockett-Johnson v. Silver Cross)<br>(Family Expense Act)

NOW COMES Plaintiff, SYDNIE WILLIAMSON, individually, by and through her attorneys SALVI, SCHOSTOK & PRITCHARD, complaining of Defendant, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation (hereinafter "SILVER CROSS") alleges and states as follows:

1-10.  Plaintiff MELAYAH LOCKETT-JOHNSON, by and through her mother SYDNIE WILLIAMSON, restates, re-alleges and incorporates by reference paragraphs 1 through 10 of Count Three, including all subparagraphs, as and for paragraphs 1 through 10 of Count Four.

11.     That Plaintiff SYDNIE WILLIAMSON is the natural parent and legal guardian of MELAYAH LOCKETT-JOHNSON, a minor.

12.     That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendant, SILVER CROSS, by and through its nurses, Plaintiff SYDNIE WILLIAMSON as the parent of the minor Plaintiff MELAYAH LOCKETT-

8

JOHNSON, incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing and other medical and family expenses of the minor Plaintiff pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

13. That Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 of the Illinois Compiled Statutes as amended (attached as Group Exhibit A).

WHEREFORE, Plaintiff SYDNIE WILLIAMSON, demands judgment against the Defendant, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, an Illinois Corporation in an amount in excess of $50,000, together with the costs of this action.

**COUNT FIVE**
(Lockett-Johnson v. Partners in Obstetrics and Women's Health, P.C., and Dr. Garcini)
(Medical Negligence)

NOW COMES Plaintiff, MELAYAH LOCKETT-JOHNSON, a minor, by SYDNIE WILLIAMSON, her mother and next friend, by and through her attorneys SALVI, SCHOSTOK & PRITCHARD, complaining of Defendants, PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., an Illinois Corporation (hereinafter "PARTNERS") and FRANCISCO J. GARCINI, MD, individually, (hereinafter "GARCINI"), alleges and states as follows:

1. On March 21, 2011, and at all times relevant, PARTNERS operated as a medical group licensed by the State of Illinois in the County of Will.

2. On March 21, 2011, and at all times relevant, PARTNERS was an Illinois corporation licensed by the State of Illinois in the County of Will.

3. On March 21, 2011, and at all times relevant, PARTNERS held itself out to the Plaintiffs and to the public generally as a provider of medical services.

4.     On March 21, 2011, and at all times relevant, GARCINI was a physician of obstetrics and gynecology licensed to practice medicine in all of its branches by the State of Illinois.

5.     On March 21, 2011, and at all times relevant, GARCINI held himself out to the Plaintiffs and to the public generally to be a physician licensed to practice medicine and specializing in obstetrics and gynecology.

6.     On March 21, 2011, and at all times relevant, GARCINI was a member of the medical staff at SILVER CROSS.

7.     On March 21, 2011, and at all times relevant, GARCINI was an employee, servant, agent and/or apparent agent of PARTNERS.

8.     On March 20, 2011, SYDNIE WILLIAMSON was admitted to SILVER CROSS as an obstetrical patient. Defendant, GARCINI, was the attending physician during this hospitalization.

9.     On March 21, 2011, and at all times relevant, SYDNIE WILLIAMSON delivered a female infant, the minor Plaintiff MELAYAH LOCKETT-JOHNSON, at SILVER CROSS.

10.    On March 21, 2011, and at all times relevant, GARCINI provided obstetrical and gynecological care to Plaintiffs SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor, at SILVER CROSS.

11.    On March 21, 2011, and at all times relevant, while providing medical care to Plaintiffs, SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor, GARCINI was doing so as an employee, servant, agent and/or apparent agent of PARTNERS.

12.    On March 21, 2011, and at all times relevant, while providing treatment to Plaintiffs, SYDNIE WILLIAMSON and MELAYAH LOCKETT-JOHNSON, a minor,

10

GARCINI had a duty to possess and apply the knowledge and skill that other obstetricians and gynecologists would exercise in the same or similar circumstances.

13.    On March 21, 2011, and at all times relevant, in derogation of his aforementioned duty, GARCINI, individually and as an employee, servant, agent and/or apparent agent of PARTNERS, breached that duty and was negligent in one or more of the following respects:

a.    failed to appropriately manage the delivery of MELAYAH LOCKETT-JOHNSON, a minor;

b.    inappropriately applied excessive pulling and traction during the delivery of MELAYAH LOCKETT-JOHNSON, a minor;

c.    failed to make an episiotomy during the delivery of MELAYAH LOCKETT-JOHNSON, a minor, in order to allow more room for delivery;

d.    failed to appropriately perform the McRoberts, suprapubic pressure and Wood's corkscrew maneuvers; and

e.    was otherwise negligent.

14.    As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of GARCINI, individually and as an employee, servant, agent and/or apparent agent of PARTNERS, Plaintiff, MELAYAH LOCKETT-JOHNSON, a minor, suffered severe, permanent, and irreversible neurological damage; is permanently disabled; has experienced and will permanently experience untold suffering; has incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing, caretaking, custodial and has an impaired or no earning capacity.

15.    The Plaintiff MELAYAH LOCKETT-JOHNSON, a minor, through her mother and next friend, SYDNIE WILLIAMSON, attach affidavits and reports in compliance with 735 ILCS 5/2-622 (attached as Group Exhibit A).

11

WHEREFORE, Plaintiff MELAYAH LOCKETT-JOHNSON, a minor, through her mother and next friend, SYDNIE WILLIAMSON, demands judgment against the Defendants PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., an Illinois Corporation, and FRANCISCO J. GARCINI, M.D., Individually and as an employee, agent and/or apparent agent of PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., in an amount in excess of $50,000, together with the costs of this action.

COUNT SIX
(Lockett-Johnson v. Partners in Obstetrics and Women's Health, P.C., and Dr. Garcini)
(Family Expense Act)

NOW COMES Plaintiff, SYDNIE WILLIAMSON, Individually, by and through her attorneys SALVI, SCHOSTOK & PRITCHARD complaining of Defendants, PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., an Illinois Corporation (hereinafter "PARTNERS") and FRANCISCO J. GARCINI, MD, Individually, (hereinafter "GARCINI"), alleges and states as follows:

1-13. Plaintiff MELAYAH LOCKETT-JOHNSON, by and through her mother SYDNIE WILLIAMSON, restates, re-alleges and incorporates by reference paragraphs 1 through 13 of Count Five, including all subparagraphs, as and for paragraphs 1 through 13 of Count Six.

14. That Plaintiff SYDNIE WILLIAMSON is the natural parent and legal guardian of MELAYAH LOCKETT-JOHNSON, a minor.

15. That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of GARCINI, individually and as an employee, servant, agent and/or apparent agent of PARTNERS, Plaintiff SYDNIE WILLIAMSON as the parent of the minor Plaintiff MELAYAH LOCKETT-JOHNSON, incurred and in the future will incur obligations for

12

substantial sums of money for hospital, medical, nursing and other medical and family expenses of the minor Plaintiff pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

16.     That Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 of the Illinois Compiled Statutes as amended (attached as Group Exhibit A).

WHEREFORE, Plaintiff SYDNIE WILLIAMSON, demands judgment against the Defendants PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., an Illinois Corporation and FRANCISCO J. GARCINI, M.D., Individually and as an employee, agent and/or apparent agent of PARTNERS IN OBSTETRICS AND WOMEN'S HEALTH, P.C., in an amount in excess of $50,000, together with the costs of this action.

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted,

Attorney for the Plaintiff

Tara R. Devine - ARDC #6280880
Elizabeth R. Olszewski – ARDC #6313651
SALVI, SCHOSTOK & PRITCHARD, P.C.
218 North Martin Luther King Jr. Ave.
Waukegan, IL 60085
(847) 249-1227
Atty. No. 34560

13

Exhibit B

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Melaya Lockett-Johnson, etc., et al. v. Silver Cross Hospital and Medical Centers, etc., et al.*, No. 14 L 772 (Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the Will County Health Department/Will County Community Health Center ("the health center") was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Francisco Garcini, M.D., was acting within the scope of his employment at the health center with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, Francisco Garcini, M.D., individually, is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

*Thomas Walsh*

THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
for the Northern District of Illinois

Date: May 21, 2015

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELAYAH LOCKETT-JOHNSON, a minor,   )
by her mother and next friend, SYDNIE   )
WILLIAMSON, and SYDNIE   )
WILLIAMSON, Individually,   )    No. 15 C 5600
  )
                Plaintiffs,   )    Judge Sharon J. Coleman
  )
          v.   )    Formerly Case No. 14 L 772
  )    Circuit Court of the Twelfth Judicial
SILVER CROSS HOSPITAL AND   )    Circuit, Will County, Illinois
MEDICAL CENTERS, *et al.*   )
  )
          Defendants.   )

## UNITED STATES' MOTION TO DISMISS FOR
## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The United States of America, by its attorney, Zachary T. Fardon, United States Attorney

for the Northern District of Illinois, moves to dismiss pursuant to Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6) and in support states as follows:

1.       On or about October 6, 2014, plaintiffs Melayah Lockett-Johnson, a minor, by her

mother and next friend, Sydnie Williamson, and Sydnie Williamson, individually, commenced

the above civil action against Francisco J. Garcini, M.D., and others, alleging medical

malpractice.  For purposes of this lawsuit, Will County Health Department/Will County

Community Health Center is a private entity that receives grant money from the Public Health

Service pursuant to 42 U.S.C. § 233.  In addition, Francisco J. Garcini, M.D., was acting within

the scope of his employment at Will County Health Department/Will County Community Health

Center with respect to the incidents referred to in the complaint.


EXHIBIT
G

2.      On June 24, 2015, the case was removed to the United States District Court for the Northern District of Illinois, and the United States was substituted as the federal defendant in place of Francisco J. Garcini, M.D., pursuant to 42 U.S.C. § 233.

3.      This case is governed by 42 U.S.C. § 233, which makes the tort remedy against the United States provided in the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2672, the "exclusive" jurisdictional basis for a common law tort claim against the an employee of the Public Health Service "while acting within the scope of his office or employment." *See* 28 U.S.C. §§ 1346(b), 2679(b)(1); *Duffy v. United States*, 966 F.2d 307, 313 (7th Cir. 1992). Upon removal, this civil action is "deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto." 42 U.S.C. § 233(c).

4.      No FTCA action can be initiated against the United States until the plaintiff has presented a claim to the appropriate federal agency and that agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *Erxleben v. United States*, 668 F.2d 268, 270 (7th Cir. 1981); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). This administrative claim requirement is a prerequisite that cannot be waived. *Best Bearings*, 463 F.2d at 1179.

5.      The complaint in this case does not allege that plaintiffs ever presented the administrative claim required by the FTCA, and a search of the Department of Health and Human Services' computerized database of administrative tort claims reveals that plaintiffs have not filed an administrative tort claim with the Department. Exhibit A (Declaration of Meredith

Torres); *see Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)

(noting that in a motion to dismiss the court may look beyond the jurisdictional allegations of the

complaint to determine whether subject matter jurisdiction exists).

WHEREFORE, this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1)

and (6) for failure to exhaust administrative remedies.


Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Peter Sullivan
    PETER SULLIVAN
    Special Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-9082
    peter.sullivan@usdoj.gov

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Melayah Lockett-Johnson, a minor, by her mother and next friend, Sydnie Williamson, and Sydnie Williamson, Individually, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. ) |
| Silver Cross Hospital and Medical Centers, Francisco J. Garcini, M.D., Individually, and Partners In Obstetrics and Women's Health, P.C., | ) ) ) ) |
| Defendants. | ) ) ) |

DECLARATION OF
MEREDITH TORRES

    1.  I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

    2.  The Department has a Claims Branch that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

-2-

3. As a consequence, if a tort claim had been filed with the Department with respect to Will County Health Department/Will County Community Health Center, its approved delivery sites, or its employees or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4. I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Sydnie Williamson, Individually and as Mother and Next Friend of Melayah Lockett-Johnson, a minor, or an authorized representative relating to Will County Health Department/Will County Community Health Center and/or Francisco Garcini, M.D.

5. I have also reviewed official agency records and determined that Will County Health Department/Will County Community Health Center was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2010, and that its coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of the notifications by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Will County Health Department/Will County Community Health Center are attached to this declaration as Exhibit 1.

6. Official agency records further indicate that Francisco Garcini, M.D., was a qualified contractor of Will County Health Department/Will County Community Health Center at all times relevant to the complaint in this case.

-3-

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. § 1746.

Dated at Washington, D.C., this 15th day of May , 2015.

MEREDITH TORRES
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELAYAH LOCKETT-JOHNSON, a minor, )
by her mother and next friend, SYDNIE )
WILLIAMSON, and )
SYDNIE WILLIAMSON, Individually, )
 )
   Plaintiffs, )
 )  Civil Action
 vs.      )  No. 15 CV 05600
 )  Judge Sharon Johnson
SILVER CROSS HOSPITAL AND )  Coleman
MEDICAL CENTERS, an Illinois Corporation, )
FRANCISCO J . GARCINI, M.D., Individually, and )
PARTNERS IN OBSTETRICS AND WOMEN'S )
HEALTH, P.C., an Illinois Corporation, and )
THE UNITED STATES OF AMERICA, )
 )
   Defendants. )

## <u>AFFIDAVIT OF TARA DEVINE</u>

I, Tara Devine, being first duly sworn on oath, hereby state as follows:

1. I am the lead attorney representing Melayah Lockett-Johnson, a minor, by her mother and next friend, Sydnie Williamson, and Sydnie Williamson, Individually.

2. This cause of action arises out of the medical negligence of Dr. Garcini when he delivered Melayah Lockett-Johnson at Silver Cross Hospital and Medical Centers, resulting in a severe brachial plexus injury.

3. The Complaint at Law on this case was filed in Will County Circuit Court on October 6, 2014, against Silver Cross Hospital and Medical Centers, Partners in Obstetrics and Women's Health, P.C., and Dr. Francisco Garcini.

4. Dr. Garcini asserted a defense that he was a Public Health Service Employee following a status hearing in Will County Circuit Court in November, 2014.

1



5.     Plaintiffs vehemently disputed (and continue to contest) the status of Dr. Garcini as a Public Health Service employee.

6.     Plaintiffs promptly placed the United States on notice of their dispute over whether Dr. Garcini was a Public Health Service employee via letter to the U.S. Department of Health and Human Services on November 26, 2014.

7.     Plaintiffs also promptly placed the U.S. Department of Justice, Federal Tort Claims Act Section, and Assistant United States Attorney David Lidow on notice via letter of January 13, 2015.

8.     On May 13, 2015, the Department of Health and Human Services issued a decision that Dr. Garcini was covered under the Federal Tort Claims Act at times material to the Complaint.

9.     Defendant, Dr. Garcini, filed a Notice of Removal of a Civil Action and Substitution of the United States as a Defendant from the Will County Circuit Court on June 24, 2015.  The entire case was removed to this Court, including the case against all additional Defendants, Silver Cross Hospital and Medical Centers, and Partners in Obstetrics and Women's Health, P.C.

10.     On July 6, 2015, the Defendant, Dr. Garcini, filed a Motion to Dismiss for lack of jurisdiction within this Court because of the Plaintiffs' failure to exhaust administrative remedies through the Federal Tort Claims Act prior to institution of this action.

11.     I received a copy of the Motion to Dismiss but no Notice of the Motion to Dismiss setting it to be heard before this Court.

12.     At the time I received the Motion to Dismiss, I believed the Motion to Dismiss had not been set for hearing and that was why I had not received Notice.

2

13.     I expected one of the two following events to occur: either I would receive Notice of the Motion or Notice of a Status Hearing.

14.     Prior to October 2, 2015, I never received Notice of any status hearings on this case.

15.     On July 9, 2015, this Court ordered appearances to be filed for the plaintiffs by July 20, 2015, if they were participating in this action. A briefing schedule was entered on Defendant's Motion to Dismiss, requiring a Response to be filed by August 6, 2015. Once fully briefed, the motion was to be taken under advisement. I never received this docket until October 2, 2015.

16.     I never received the July 9, 2015, docket via mail.

17.     Prior to October 2, 2015, I did not receive the July 9, 2015, docket via email.

18.     After receipt of the July 9, 2015 docket on October 2, 2015, I conducted a diligent search of my email, mail and paper file on this case. My search confirmed no prior receipt of this docket.

19.     On September 18, 2015, a status hearing was set for September 25, 2015. This Court entered an Order that all parties or their counsel of record shall appear. If plaintiffs or their counsel fail to appear or otherwise contact the Court the case will be dismissed for want of prosecution. I never received this docket until October 2, 2015.

20.     I never received the September 18, 2015, docket via mail.

21.     Prior to October 2, 2015, I did not receive the September 18, 2015, docket via email.

3

22.     After receipt of the September 18, 2015, docket on October 2, 2015, I conducted a diligent search of my email, mail and paper file on this case. My search confirmed no prior receipt of this docket.

23.     On September 25, 2015, the Court entered an Order that due to the Plaintiffs' failure to appear or otherwise communicate with the Court, the Defendants' Motion to Dismiss for lack of jurisdiction was granted and the civil case was terminated. I never received this Order until it was made available on PACER until October 5, 2015.

24.     On October 2, 2015, I received a call from a male at the Court inquiring as to why Plaintiffs' counsel had not appeared or attended the prior hearing dates. I advised this person that we were unaware of the prior court dates.

25.     The two Orders from July 9, 2015 and September 18, 2015, were then emailed to me on October 2, 2015, which was the first time I received any dockets or orders on this case.

26.     Immediately after becoming aware that there had been prior action within this Court on this case, I filed an appearance.

27.     To my knowledge, counsel for Silver Cross Hospital and Medical Centers has not filed an appearance in this Court, despite having appeared in Will County Circuit Court.

28.     To my knowledge, counsel for Partners in Obstetrics and Women's Health, P.C., has not filed an appearance in this Court, despite having appeared in Will County Circuit Court.

29.     I did not consciously or willfully fail to appear before this Court.


FURTHER AFFIANT SAYETH NOT.

_____
Tara R. Devine

Subscribed and sworn to before me
this 7th day of October, 2015.

_____
Notary Public

"OFFICIAL SEAL"
BONNIE SECOR
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Sep. 20, 2017

5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELAYAH LOCKETT-JOHNSON, a minor,      )
by her mother and next friend, SYDNIE   )
WILLIAMSON, and                         )
SYDNIE WILLIAMSON, Individually,        )
                                        )
        Plaintiffs,             )
                                        )   Civil Action
    vs.                              )   No.  15 CV 05600
                                        )   Judge Sharon Johnson
SILVER CROSS HOSPITAL AND               )   Coleman
MEDICAL CENTERS, an Illinois Corporation, )
FRANCISCO J . GARCINI, M.D., Individually, and )
PARTNERS IN OBSTETRICS AND WOMEN'S      )
HEALTH, P.C., an Illinois Corporation, and )
THE UNITED STATES OF AMERICA,           )
                                        )
        Defendants.             )

## **AFFIDAVIT OF ELIZABETH OLSZEWSKI**

I, Elizabeth Olszewski, being first duly sworn on oath, hereby state as follows:

1.     I am one of the attorneys representing Melayah Lockett-Johnson, a minor, by her mother and next friend, Sydnie Williamson, and Sydnie Williamson, Individually.

2.     This cause of action arises out of the medical negligence of Dr. Garcini when he delivered Melayah Lockett-Johnson at Silver Cross Hospital and Medical Centers, resulting in a severe brachial plexus injury.

3.     The Complaint at Law on this case was filed in Will County Circuit Court on October 6, 2014, against Silver Cross Hospital and Medical Centers, Partners in Obstetrics and Women's Health, P.C., and Dr. Francisco Garcini.

4.     Dr. Garcini asserted a defense that he was a Public Health Service employee following a status hearing in Will County Circuit Court in November, 2014.

1

5.      Plaintiffs vehemently disputed (and continue to contest) the status of Dr. Garcini as a Public Health Service employee.

6.      Plaintiffs promptly placed the United States on notice of their dispute over whether Dr. Garcini was a Public Health Service employee via letter to the U.S. Department of Health and Human Services on November 26, 2014.

7.      Plaintiffs also promptly placed the U.S. Department of Justice, Federal Tort Claims Act Section, and Assistant United States Attorney David Lidow on notice via letter of January 13, 2015.

8.      On May 13, 2015, the Department of Health and Human Services issued a decision that Dr. Garcini was covered under the Federal Tort Claims Act at times material to the Complaint.

9.      Defendant, Dr. Garcini, filed a Notice of Removal of a Civil Action and Substitution of the United States as a Defendant from the Will County Circuit Court on June 24, 2015.  The entire case was removed to this Court, including the case against all additional Defendants, Silver Cross Hospital and Medical Centers, and Partners in Obstetrics and Women's Health, P.C.

10.     At some time between June 24, 2015 and July 6, 2015, I spoke to Attorney Peter Sullivan.  At this time, I was aware he would be filing a Motion to Dismiss for lack of jurisdiction and failure to comply with the administrative remedies through the Federal Tort Claims Act.  I expressed what my position on the Motion would be once it was filed. Specifically, I had no objection to the dismissal of the action against the United States of America, but that I would request it be without prejudice.  I explained we would be filing an administrative claim under the FTCA and upon expiration of the six month waiting period would

2

reinstitute the action in this Court. I also expressed that I would request the action against the remaining Defendants continue.

11.     On July 6, 2015, the Defendant, the United States of America, filed a Motion to Dismiss for lack of jurisdiction within this Court because of the Plaintiffs' failure to exhaust administrative remedies through the Federal Tort Claims Act prior to institution of this action.

12.     I received a copy of the Motion to Dismiss but no Notice of the Motion to Dismiss setting it to be heard before this Court.

13.     At the time I received the Motion to Dismiss, I believed the Motion to Dismiss had not been set for hearing and that was why I had not received Notice.

14.     I expected one of the two following events to occur: either I would receive Notice of the Motion or Notice of a Status Hearing.

15.     Prior to October 2, 2015, I never received Notice of any status hearings on this case.

16.     On July 9, 2015, this Court ordered appearances to be filed for the plaintiffs by July 20, 2015, if they were participating in this action. A briefing schedule was entered on Defendant's Motion to Dismiss, requiring a Response to be filed by August 6, 2015. Once fully briefed, the motion was to be taken under advisement.

17.     I never received the July 9, 2015, docket via mail.

18.     I never received the July 9, 2015, docket via email.

19.     After I became aware that Attorney Tara Devine received the July 9, 2015 docket on October 2, 2015, I conducted a diligent search of my email, mail and paper file on this case. My search confirmed no prior receipt of this docket.

20.     On September 18, 2015, a status hearing was set for September 25, 2015.  This Court entered an Order that all parties or their counsel of record shall appear.  If plaintiffs or their counsel fail to appear or otherwise contact the Court the case will be dismissed for want of prosecution.

21.     I never received the September 18, 2015, docket via mail.

22.     I never received the September 18, 2015, docket via email.

23.     After I became aware that Attorney Tara Devine received the September 18, 2015, docket on October 2, 2015, I conducted a diligent search of my email, mail and paper file on this case. My search confirmed no prior receipt of this docket.

24.     On September 25, 2015, the Court entered an Order that due to the Plaintiffs' failure to appear or otherwise communicate with the Court, the Defendants' Motion to Dismiss for lack of jurisdiction was granted and the civil case was terminated.  I never received this Order until it was made available on PACER until October 5, 2015.

25.     To my knowledge, counsel for Silver Cross Hospital and Medical Centers has not filed an appearance in this Court, despite having appeared in Will County Circuit Court.

26.     To my knowledge, counsel for Partners in Obstetrics and Women's Health, P.C., has not filed an appearance in this Court, despite having appeared in Will County Circuit Court.

27.     I did not consciously or willfully fail to appear before this Court.


FURTHER AFFIANT SAYETH NOT.

Elizabeth R. Olszewski

Subscribed and sworn to before me
this ___ day of October, 2015.

_____
Notary Public

"OFFICIAL SEAL"
BONNIE SECOR
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Sep. 20, 2017

5

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6,1
### Eastern Division

Melayah Lockett−Johnson, et al.

                       Plaintiff,

v.                                Case No.: 1:15−cv−05600

                                Honorable Sharon Johnson
                                Coleman

Silver Cross Hospital and Medical Centers,
et al.

                       Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, July 9, 2015:

     MINUTE entry before the Honorable Sharon Johnson Coleman: Motion hearing held on 7/9/2015. Neither plaintiffs nor counsel appeared. An appearance for plaintiffs must be filed by 7/20/2015 if counsel will be participating in this action. On defendant's motion to dismiss/lack of jurisdiction[5], response due by 8/6/2015. Reply due by 8/20/2015. Once fully briefed, the motion is taken under advisement.Mailed notice(rth, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.



# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6,1
### Eastern Division

Melayah Lockett−Johnson, et al.

Plaintiff,

v.

Case No.: 1:15−cv−05600

Honorable Sharon Johnson Coleman

Silver Cross Hospital and Medical Centers, et al.

Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, September 18, 2015:

MINUTE entry before the Honorable Sharon Johnson Coleman: Status set to 9/25/2015 at 9:00 a.m.; all parties or their counsel of record shall appear. If plaintiffs or their counsel fail to appear or otherwise contact the Court the case will be dismissed for want of prosecution on 9/25/2015. Mailed notice(air, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6,1
### Eastern Division

Melayah Lockett−Johnson, et al.

Plaintiff,

v.

Case No.: 1:15−cv−05600

Honorable Sharon Johnson Coleman

Silver Cross Hospital and Medical Centers, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, September 25, 2015:

MINUTE entry before the Honorable Sharon Johnson Coleman: Status hearing held on 9/25/2015. Neither plaintiffs nor counsel for plaintiffs appeared. On 7/9/2015 this Court said an appearance must be filed by plaintiffs or their counsel in this action, and the Court set a response deadline of 8/6/2015 to defendant's motion to dismiss. On 9/18/2015 this Court set the case for status hearing on 9/25/2015 and cautioned plaintiffs that a failure to appear on that date will result in dismissal of the complaint for want of prosecution. Plaintiffs having failed to appear or otherwise communicate with the court, this Court grants defendant's motion to dismiss for lack of jurisdiction [5]. Civil case terminated. Mailed notice(rth, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MILAGRO QUINONES, as guardian of | ) | |
| CHRISTOPHER QUINONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 07-CV-0004 |
| | ) | |
| CHICAGO OFFICER NOEL ARIEZAGA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs move to vacate this Court's order dated February 6, 2008 which dismissed their claims against Defendant Cook County for want of prosecution. The Court's dismissal was based upon Plaintiffs' repeated failure to appear before the Court and for their failure to respond to Defendant Cook County's motion to dismiss filed in October of 2007. The Court construes Plaintiffs' motion to vacate as a request for relief from a final order under Fed. R. Civ. P. 60(b) due to excusable neglect and brought within a reasonable time as required under Fed. R. Civ. P. 60(c). Plaintiffs' motion to vacate the Court's dismissal order is granted based upon this Court's finding of excusable neglect. However, the Court reinstates Defendant Cook County's motion to dismiss (DE 51), which was pending at the time the case against Defendant Cook County was dismissed for failure to prosecute. Defendant Cook County's motion to dismiss is granted.

**I.    Analysis**

**A.    Plaintiff's Motion to Vacate the Dismissal For Failure to Prosecute**

In support of their motion to vacate, Plaintiffs present the following circumstances: (1) Plaintiffs acted with reasonable promptness in filing their motion to vacate this Court's February 6,



2008 order; (2) Plaintiffs have a valid cause of action and will be unfairly prejudiced if the dismissal

order stands; and (3) Plaintiffs' failure to appear was not willful but rather the result of excusable

neglect. Defendant Cook County opposes Plaintiffs' motion, and requests in the alternative that if

the Court chooses to vacate its dismissal for want of prosecution, the Court then reinstate Cook

County's motion to dismiss Plaintiffs' claims on the merits.

Plaintiffs properly point out that a dismissal for failure to prosecute is a harsh sanction. See

Plaintiff's Motion, DE 77, ¶ 33 (citing *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000) (citations

omitted)). However, at the time that the Court entered its order dismissing Plaintiffs' case against

Defendant Cook County, Plaintiff had failed to appear before the Court on two occasions over a two-

month period, failed to participate in the filing of a status report, and failed to file a response to

Defendant Cook County's motion to dismiss. In addition, the Court had warned Plaintiffs that the

case would be dismissed for failure to prosecute if counsel failed to appear.

Nevertheless, given Plaintiffs' counsel's representations concerning his attempts to contact

the Court on February 6, 2008, the date on which the dismissal order was entered, the Court will

grant the motion to vacate. The Court construes Plaintiff's motion to vacate as a request for relief

under Fed. R. Civ. P. 60(b)(1), which permits the Court to grant relief from a final order or decision

based upon a showing of excusable neglect. The motion must be brought within a "reasonable

time," and Plaintiffs have satisfied that requirement here. See Fed. R. Civ. P. 60(c). Plaintiffs'

counsel represents that he attempted to appear for the status scheduled on February 6, 2008, and that

for a series of reasons, including the loss of his docket clerk and some confusion regarding the time

of the status, he failed to appear at the appropriate time. Plaintiffs' counsel represents that he spoke

with this Court's deputy to notify the Court of his mistake. Given this Court's broad discretion

afforded in determining the excusable neglect of counsel (see *Harrington v. City of Chicago*, 433 F.3d 542, 547 (7th Cir. 2006)), the Court finds that Plaintiffs' representations rise to the level of excusable neglect on the part of Plaintiffs' counsel. Given the harshness of the order entered, the reasonable time within which Plaintiffs sought relief from the dismissal order, and counsel's representations regarding his efforts to appear before this Court, the Court grants the motion to vacate pursuant to Fed. R. Civ. P. 60(b)(1).

Plaintiffs' case against Defendant Cook County is reinstated, as set forth at Count X of the Second Amended Complaint (DE 39). The Court cautions Plaintiffs' counsel that multiple attorneys of record have filed their appearance on Plaintiffs' behalf in this case and that the series of missteps that led to the entry of the dismissal for want of prosecution easily could have justified denial of Plaintiffs' motion to vacate. Given those transgressions, the Court is not likely to be as forgiving in the future if counsel fails to promptly respond to due dates and orders in this matter, and to appear before this Court when required to do so, as any other party is required to do.

**B.      Defendant Cook County's Motion to Dismiss**

The Court struck Defendant Cook County's motion to dismiss in its February 6, 2008 order as moot based upon its decision to dismiss the case against Defendant Cook County for failure to prosecute. In its opposition to Plaintiffs' motion to vacate (DE 81), Defendant Cook County requests that the Court reinstate its motion to dismiss (DE 51) in the event that the Court determines it appropriate to vacate its prior dismissal of the suit against it for failure to prosecute. Given the Court's determination to reinstate Plaintiffs' claims against Defendant Cook County, the Court reinstates Defendant Cook County's motion to dismiss.

3

Defendant Cook County filed its motion to dismiss Count X, the only count brought against it in this action, on October 9, 2007. See DE 51. Plaintiffs failed to respond to the motion. Defendant Cook County filed a statement on December 3, 2007, the date on which its reply was due, indicating that it would not file a reply given the absence of a response brief from Plaintiffs. See DE 68.

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Cook County contends that Plaintiffs have failed to state a claim against it in Count X because Cook County is not a proper defendant as a matter of law. Given the Plaintiffs' failure to respond, the Court rests its analysis on the assumed truthfulness and liberal construction afforded with respect to their Second Amended Complaint. See *Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995) (noting that under Rule 12(b), a district court need not give a plaintiff notice and "reasonable opportunity" to contradict to a dismissal motion, unlike a summary judgment motion, and that a plaintiff may rest on his or her complaint to withstand dismissal). In Count X of its Second Amended Complaint, Plaintiffs allege that Defendant Cook County is responsible for the unconstitutional detainment of Plaintiff Christopher Quinones, a minor, at the Cook County Juvenile Center. Specifically, Plaintiffs contend that Cook County imposes and follows unconstitutional policies regarding the detention of juveniles over weekends and holidays in violation of the Fourth Amendment of the United States Constitution. See Plaintiffs' Second Amended Complaint, DE 39, at ¶¶ 76-78.

Under Rule 12(b)(6), dismissal is appropriate if, as a matter of law, Plaintiffs cannot prove any set of facts in support of their claims that would entitle them to relief. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The Court must accept as true the facts plead in the complaint and all

4

reasonable inferences to be drawn from those facts, in the light most favorable to the plaintiff.  See *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

Even assuming all facts are true as set forth in Count X, it appears that Plaintiffs have brought their Fourth Amendment claim of unconstitutional detainment of Plaintiff Christopher Quinones after his arrest against an improper defendant.  The Illinois Constitution delineates and vests authority in the persons responsible for setting the place and time for holding court in Illinois.  See Ill. Const. Art. VI, Section 7.  According to Article VI, Section 7 governing Judicial Circuits in Illinois, including the Circuit Court of Cook County, "[s]ubject to the authority of the Supreme Court, the Chief Judge [of the Circuit Court] shall have general administrative authority over his court, including authority to provide for divisions, general or specialized, *and for appropriate times and places of holding court." Id.* (emphasis added).  The Illinois Supreme Court further provided, under Illinois Supreme Court Rule 21 established under Article VI of the Illinois Constitution, that the Chief Judge of each circuit "may enter general orders in the exercise of his general administrative authority, including orders providing for the assignment of judges, general or specialized division, and *the time and place for holding court.*" ILCS S. Ct. Rule 21(b) (emphasis added).  Illinois Supreme Court Rule 21 makes clear that the Chief Judge holds the power to determine when court is held.

Under the powers granted by the Illinois Constitution and further defined in Illinois Supreme Court Rule 21, the Chief Judge of the Circuit Court of Cook County issued General Order No. 16.1, "Duties of the Presiding Judge of the Juvenile Justice Division," which vests the authority and responsibility over the juvenile court system in the Presiding Judge of the Juvenile Justice Division.  See Ill. Orders 2006-6, amended March 1, 1995.  Specifically, General Order No. 16.1 vests the

Presiding Judge of the Juvenile Justice Division with the responsibility over the "prosecution of a minor thirteen (13) years of age or over, under the criminal law in accordance with the provisions of 705 ILCS 405/5-4(3)(a) [now 705 ILCS §§ 405/5-120, 405/5-125, 405/5-805, and 405/5-130] of the Juvenile Court Act." *Id.*

Furthermore, Illinois law addressing the substantive issue here — the pre-trial detention proceedings related to a juvenile — makes clear that the courts are responsible for setting the parameters of proceedings related to detainment prior to a probable cause hearing consistent with the Juvenile Court Act of Illinois (the "Act"). The Act sets forth very specific procedures to be followed by the arresting law enforcement officer or more often, a juvenile law enforcement officer, regarding the detainment of a juvenile arrested without a warrant. See, *e.g.*, 705 ILCS §§405/5-405, 405/5-410, 405/5-415. The Act makes clear that when a juvenile law enforcement officer reasonably believes it is necessary to keep the minor in custody, he must "deliver the minor without unnecessary delay to the court or to the place designated by rule or order of court for the reception of minors." 705 ILCS § 405/5-405(3)(c); see also *People v. Clayborn*, 90 Ill. App. 3d 1047, 1050-1051 (1st Dist. 1980) (noting that the legislature meant for the court to provide prompt detention hearings). Thus, the court, and not the County or its officers, sets the procedures for processing minors within the stricture of the Act.

In sum, on the basis of the arguments advanced by Defendant Cook County, the absence of any response by Plaintiffs' to Cook County's assertion that it is an improper defendant, and the Court's own research, the Court finds no basis under Illinois law for maintaining an action against Cook County as the entity responsible for the allegations of unconstitutional detainment of Plaintiff

Christopher Quinones. Because Defendant Cook County is not the proper defendant for Plaintiffs' claims set forth at Count X, Defendant Cook County's motion to dismiss is granted.

## II.     Conclusion

For the reasons stated above, Plaintiffs' motion to vacate this Court's February 6, 2008 dismissal of Plaintiffs' claims against Defendant Cook County for want of prosecution (DE 77) is granted. Defendant Cook County's motion to dismiss for failure to state a claim (DE 51) is reinstated and granted. Plaintiffs will be permitted to seek leave to file an amended complaint against a proper defendant, if any basis for such amendment exists, on or before April 30, 2008.


Dated: March 31, 2008

_____
Robert M. Dow, Jr.
United States District Judge

## U.S. District Court for the Northern District Of Illinois
## Attorney Appearance Form

Case Title: Lockett-Johnson v. Silver Cross Hospital Medical Centers, et.al.       Case Number: 15 CV 05600

An appearance is hereby filed by the undersigned as attorney for:
Melayah Lockett-Johnson and Sydnie Williamson

Attorney name (type or print): Tara R. Devine

Firm:    Salvi, Schostok and Pritchard

Street address:    218 N. Martin Luther King Jr. Ave.

City/State/Zip:    Waukegan, IL 60085

Bar ID Number: 6280880       Telephone Number:   847-249-1227
(See item 3 in instructions)

Email Address: tdevine@salvilaw.com

Are you acting as lead counsel in this case?                    ☒ Yes    ☐ No

Are you acting as local counsel in this case?                   ☐ Yes    ☒ No

Are you a member of the court's trial bar?                      ☐ Yes    ☒ No

If this case reaches trial, will you act as the trial attorney?  ☒ Yes    ☐ No

If this is a criminal case, check your status.      ☐   Retained Counsel
                                                    ☐   Appointed Counsel
                                                        If appointed counsel, are you a

                                                        ☐ Federal Defender
                                                        ☐ CJA Panel Attorney

---

In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by local rules 83.12 through 83.14. I declare under penalty of perjury that the foregoing is true and correct. Under 28 U.S.C.§1746, this statement under perjury has the same force and effect as a sworn statement made under oath.

Executed on 10-2-15

Attorney signature:     S/ Tara R. Devine
                        (Use electronic signature if the appearance form is filed electronically.)

Revised 8/1/2015



EXHIBIT
K